**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | |
|---|---|
| In re<br><br>BESTWALL LLC,<br>    Debtor.[1] | Chapter 11<br><br>Case No. 17-317 95 (LTB) |

**DEBTOR'S FOURTH MOTION FOR AN ORDER
EXTENDING THE EXCLUSIVE PERIODS TO FILE A PLAN
OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

Bestwall LLC, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"), hereby moves the Court, pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), for an order (i) extending the period during which the Debtor has the exclusive right to file a plan of reorganization (the "Exclusive Filing Period") by approximately two months, through and including May 2, 2019; and (ii) extending the period during which the Debtor has the exclusive right to solicit acceptances thereof (the "Exclusive Solicitation Period" and, together with the Exclusive Filing Period, the "Exclusive Periods") through and including July 2, 2019.  These represent the final extensions of the Exclusive Periods permitted by section 1121(d) of the Bankruptcy Code.  In support of this Motion, the Debtor respectfully states as follows:

**Preliminary Statement**

The Debtor continues to make progress in this case.  Since the last extension of the Exclusive Periods, the Debtor and its professionals continued to devote time to engaging with the official committee of asbestos claimants (the "Committee") and the legal representative for

---

[1] The last four digits of the taxpayer identification number for the Debtor is 5815.  The Debtor's address is 100 Peachtree Street, N.W., Atlanta, Georgia 30303.

NAI-1506419559

future asbestos claimants (the "Future Claimants' Representative") on a possible consensual resolution of this case.  Although no resolution has yet been achieved, during the last extension period, the Debtor continued to work toward a successful conclusion of this case and has made significant progress resolving key issues in this bankruptcy.

To facilitate settlement discussions over the first year of the case, the Debtor, the Committee and the Future Claimants' Representative agreed to extensions of certain deadlines in this case.  Among other things, the parties agreed to extend:  (i) the time for the Committee and the Future Claimants' Representative to contest the Debtor's motion (filed in a separate adversary proceeding)[2] seeking injunctive and declaratory relief prohibiting and enjoining the filing or prosecution of asbestos-related claims against affiliates of the Debtor [Adv. Pro. Docket No. 2] (the "PI Motion"); and (ii) the date by which a motion by the Committee or the Future Claimants' Representative seeking dismissal or challenging venue of this case could be filed and deemed timely.

On August 15, 2018, the Committee and the Future Claimants' Representative each filed an objection to the PI Motion [Adv. Pro. Docket Nos. 47, 49].  The Committee also filed a motion seeking to dismiss the Debtor's chapter 11 case or, alternatively, to transfer the venue of this case to another district [Docket No. 495] (the "Dismissal Motion").  Thereafter, the PI Motion and the Dismissal Motion were fully briefed by the parties, including by the Debtor's non-debtor affiliate, Georgia-Pacific LLC ("New GP").  To facilitate the efficient resolution of the PI Motion and the Dismissal Motion, the Debtor, New GP, the Committee and the Future Claimants' Representative negotiated and agreed to the admission into evidence of the

---

[2]    See Bestwall LLC v. Those Parties Listed on Appendix A to Complaint and John and Jane Does 1-1000 (In re Bestwall LLC), Adv. Pro. No. 17-03105, commenced on November 2, 2017 (the "Adversary Proceeding").

contents of the *Debtor's Submission in Lieu of Live Testimony* [Docket No. 651; Av. Pro. Docket No. 104].

Since filing the last motion to extend the Exclusive Periods, the PI Motion and the Dismissal Motion were adjudicated by the Court. A hearing to consider the relief requested in the PI Motion and the Dismissal Motion was held on November 9, 2018, and, following extensive oral argument, these matters were continued to January 24, 2019. At the January 24 hearing, the Court announced its ruling on these motions, granting the Debtor's PI Motion and denying the Committee's Dismissal Motion for the reasons described on the record at the hearing. At the Court's request, the Debtor has prepared drafts of proposed orders consistent with those rulings, which orders are under review currently by the Committee and the Future Claimants' Representative. The Debtor anticipates that those orders will be submitted for the Court's consideration shortly.

In addition to their work to streamline the presentation of evidence at the hearing on the PI Motion and the Dismissal Motion, the parties continued to engage in regular discussions and work together cooperatively in other ways to advance this case during the last extension of the Exclusive Periods. Counsel for the Debtor, the Committee and the Future Claimants' Representative have participated in regular conference calls to discuss a variety of topics important to the conduct of the case, including informal requests for information received from the Committee and the Future Claimants' Representative. The Debtor also has engaged in further settlement discussions with the Committee, the Future Claimants' Representative and New GP. Although the parties , to date, have been unable to reach an agreement on the terms of any settlement, and no additional settlement meetings currently are scheduled, each party has

indicated its willingness to remain open to continuing a settlement dialogue and to continue working together to advance this case.

Having been unable to reach a consensual resolution of this case to date, and having received the Court's rulings on the dismissal and injunction issues, the Debtor is finalizing a plan of reorganization for filing in the case and preparing to seek an estimation of its legal liability for asbestos claims pursuant to section 502(c) of the Bankruptcy Code.  The Debtor believes that the filing of a plan and the pursuit of estimation will assist the parties and the Court in moving forward to a section 524(g) resolution of the case.  To that end, the Debtor met with the Committee and the Future Claimants' Representative on February 25, 2019, in New York, New York to discuss a variety of matters relating to next steps in the case, including the filing of a plan (coupled with a renewed request to the Committee and the Future Claimants' Representative to provide any comments on a draft plan of reorganization previously forwarded to them), estimation, discovery and other matters.  The Debtor expects to file a motion for estimation of current and future asbestos claims in the coming weeks and to continue working with the other parties on estimation, discovery and related issues.

In sum, despite substantial progress to date, the Debtor needs additional time to continue its efforts to reorganize utilizing section 524(g) of the Bankruptcy Code.  Accordingly, the Debtor seeks an order extending, by approximately two months, each of the Exclusive Periods.  This will provide an extension of the Exclusive Periods to the maximum extent permitted by section 1121(d) of the Bankruptcy Code.  The case law makes it plain that, in a complex chapter 11 case such as this one, exclusivity may and should be extended, especially where, as here, the debtor has made, and is continuing to make, progress toward a successful

reorganization. Under the circumstances, the Debtor respectfully submits that the Court should grant the requested extensions of the Exclusive Periods.

## **Background**

1. On November 2, 2017 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor is continuing in possession of its properties and is managing its business, as a debtor in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On November 16, 2017, the Court entered an order appointing the Committee [Docket No. 97], as modified by orders entered on March 29, 2018, October 31, 2018 and November 20, 2018 [Docket Nos. 335, 348, 666, 690]. On February 23, 2018, the Court entered an order appointing Sander L. Esserman as the Future Claimants' Representative [Docket No. 278].

3. On March 26, 2018, the Court entered an order [Docket No. 336] extending the Exclusive Filing Period to July 6, 2018, and the Exclusive Solicitation Period to September 7, 2018.

4. On August 1, 2018, the Court entered an order [Docket No. 478] extending the Exclusive Filing Period to November 6, 2018, and the Exclusive Solicitation Period to January 7, 2019.

5. On January 7, 2019, the Court entered an order [Docket No. 750] (the "Third Extension Order") extending the Exclusive Filing Period to March 6, 2019, and the Exclusive Solicitation Period to May 6, 2019 (together, the "Current Extension Period").

**Jurisdiction**

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

**The Debtor Has Worked Diligently to Administer and Advance This Case**

7. The Debtor continues to work diligently to carry out its responsibilities and preserve and maximize the value of its estate for stakeholders. During the Current Extension Period, the Debtor fulfilled its obligations as a chapter 11 debtor in possession, including its various reporting obligations and the payment of statutory fees. In addition, the Debtor addressed the following matters since the last request to extend the Exclusive Periods:

   a. On the Petition Date, the Debtor commenced the Adversary Proceeding and filed the PI Motion, seeking, among other things, injunctive and declaratory relief prohibiting and enjoining the filing or prosecution of asbestos-related claims against affiliates of the Debtor. A temporary restraining order was entered on November 8, 2018 [Adv. Pro. Docket No. 18], granting the requested relief on an interim basis. The relief subsequently was extended by a preliminary injunction agreed upon by the Debtor and the Committee (the "Preliminary Injunction"). On November 14, 2018, January 29, 2019, and February 27, 2019, the Court entered the seventh, eighth and ninth agreed orders in the Adversary Proceeding, further extending the Preliminary Injunction through and including January 31, 2019, February 28, 2019, and March 31, 2019, respectively [Adv. Pro. Docket Nos. 125, 136, 141. These extensions were agreed upon to provide time for (i) the Court to issue its ruling, (ii) the parties to provide input on a form of order memorializing that ruling and (iii) the Court to enter an appropriate order with respect to the PI Motion.

   b. On August 15, 2018, the Committee filed the Dismissal Motion (no dismissal motion was filed by the Future Claimants' Representative). This matter was scheduled to be adjudicated on the same timeline as the PI Motion. After the PI Motion and the Dismissal Motion were fully briefed by the parties, these matters were presented to the Court during the Current Extension Period at a hearing on November 9, 2018. After extensive oral argument, these matters were continued to January 24, 2019.

        At that time, the Court announced its rulings, granting the PI Motion and denying the Dismissal Motion. The Court ordered the Debtor to prepare proposed orders consistent with its ruling to be shared with the other parties. The Debtor has prepared these orders, incorporating comments from New GP, and is awaiting comments from the Committee and the Future Claimants' Representative.

c.    To promote the progress of this case, counsel for the Debtor, the Committee and the Future Claimants' Representative engaged in regular discussions, including regular conference calls, to discuss case issues and advance this restructuring. Where appropriate, these communications also have included New GP. Since the Debtor filed the last request to extend the Exclusive Periods, the parties engaged in further discussions regarding a potential global settlement of this chapter 11 case. Those discussions have not proven successful to date, but the Debtor remains committed to seeking a consensual resolution of this case as soon as possible.

d.    To assist the Committee and the Future Claimants' Representative in these discussions, the Debtor continued to produce documents and information to the Committee and the Future Claimants' Representative in response to informal information requests. Since February 1, 2018, the Debtor has produced to the Committee and the Future Claimants' Representative thousands of documents consisting of historical corporate records, transaction documents, financial statements, certain documents from the Debtor's litigation files and other documents. The Debtor also has produced to the Committee and the Future Claimants' Representative nearly 5 million documents in a sales records database, and has provided them access to the Debtor's asbestos claims database. These materials, many of which contain highly confidential and propriety information, have been produced or made available to the Committee and the Future Claimants' Representative pursuant to the (i) *Agreed Protective Order Governing Confidential Information* [Docket No. 337], entered by the Court on March 26, 2018, and (ii) *Agreed Order Establishing Non-Waiver and Other Conditions for Access to and Use of the Debtor's Electronic Sales Records Database and Underlying Paper Records* [Docket No. 436], entered by the Court on July 2, 2018.

e.    On August 13, 2018, the Debtor provided a draft plan of reorganization to counsel for the Committee and the Future Claimants' Representative and invited the parties to provide comments and engage in negotiations regarding plan terms. The draft plan was based on consensual plans negotiated and

confirmed in other asbestos cases (including plans negotiated with the same professionals representing the Committee and Future Claimants' Representative in this case) and incorporated the comments of New GP. The Debtor believes that the draft plan positions it to promptly implement any resolution that may be achieved in this case. To date, the Debtor has yet to receive formal comments on the plan from the Committee or the Future Claimants' Representative. Nonetheless, the Debtor has continued to evaluate plan issues and refine the plan in an effort to move this case forward.

f. On August 29, 2018, the Debtor moved for an order establishing, among other things, deadlines by which parties must file proofs of claim with respect to claims against the Debtor other than asbestos personal injury claims [Docket No. 615]. The Court approved the motion at a hearing held on September 20, 2018, subject to the agreement of the Debtor and the Committee to defer notice of the bar dates until after adjudication of the Dismissal Motion (i.e., bar dates will be set and bar date notices sent only after an order denying the Dismissal Motion is entered). The order approving the non-asbestos claims bar dates was entered on October 30, 2018 [Docket No. 661] (the "Bar Date Order"). Since the Court has now adjudicated the Dismissal Motion, the Debtor is preparing to finalize and mail notice of the bar dates to creditors and parties in interest and publish the bar date notice in the designated publications in accordance with the Bar Date Order once an order denying the Dismissal Motion is entered.

g. On December 19, 2018, the Debtor moved for a fourth extension of the period during which it may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") [Docket No. 722]. The proposed extension was agreed upon by the Committee and the Future Claimants' Representative and was approved by the Court by an order entered on January 23, 2019 [Docket No. 760] (the "Removal Extension Order").

h. Since the parties have been unable to reach a consensual resolution of this case to date, and with the Court's rulings on the dismissal and injunction motions, the Debtor has been preparing for the next phase of this case, including the filing of a plan of reorganization, an estimation of the Debtor's legal liability for current and future asbestos claims pursuant to section 502(c) of the Bankruptcy Code and discovery related to the estimation. The Debtor believes that the filing of a plan and the pursuit of estimation will assist the parties and the Court in moving forward to a successful reorganization of the Debtor utilizing section 524(g) of the

>Bankruptcy Code. On February 25, 2019, the Debtor, the Committee and the Future Claimants' Representative met in person in New York, New York to discuss next steps in the case, including the filing of a plan of reorganization, estimation and discovery, among other things. In the coming weeks, the Debtor anticipates filing a motion to commence an estimation process.

8. The Debtor remains committed to emerging from chapter 11 as soon as practicable. As described above, the Debtor has engaged in regular and ongoing discussions with its major constituencies regarding issues related to this case and has continued to advance this case since the last extension of the Exclusive Periods. Because these efforts are ongoing, the Debtor requires additional time to proceed with its restructuring.

**Request for Extension of Exclusive Periods and Grounds for Relief**

9. Pursuant to section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a plan of reorganization during the first 120 days after the commencement of a chapter 11 case. See 11 U.S.C. § 1121(b). If a debtor files a plan during this exclusive filing period, section 1121(c)(3) of the Bankruptcy Code grants the debtor an additional 60 days during which the debtor may solicit acceptances of that plan, and no other party in interest may file a competing plan. See 11 U.S.C. § 1121(c)(3).

10. Pursuant to the Third Extension Order, the Exclusive Filing Period currently expires on March 6, 2019, and the Exclusive Solicitation Period currently expires on May 6, 2019.[3] By this Motion, the Debtor seeks an approximate two-month extension of the Exclusive Periods to formulate, file and seek acceptances of a consensual plan of

---

3  Pursuant to paragraph 24 of the *Notice, Case Management and Administrative Procedures* approved and adopted in this case, because this Motion has been filed before the expiration of the Debtor's current Exclusive Filing Period of March 6, 2018, such period is automatically extended until the Court rules on this Motion. See *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 65] (the "Case Management Order"), Annex 1, ¶ 24.

reorganization in this case, which would extend the Exclusive Periods to the maximum extent permitted by the Bankruptcy Code.

11. Section 1121(d) of the Bankruptcy Code provides that the Court may, "for cause," extend these periods "[o]n request of a party in interest . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d). The Exclusive Filing Period may be extended through the date that is 18 months after the Petition Date, which is May 2, 2019, and the Exclusive Solicitation Period may be extended through the date that is 20 months after the Petition Date, which is July 2, 2019 (i.e., the dates requested herein). 11 U.S.C. § 1121(d)(2).

12. Although the Bankruptcy Code does not define "cause" to extend the Exclusive Periods, a number of courts have construed the term based on an examination of the legislative history of the Bankruptcy Code. See, e.g., Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.), 292 B.R. 639, 643 (B.A.P. 8th Cir. 2003); Cont'l Casualty Co. v. Burns & Roe Enters., Inc., (In re Burns & Roe Enters., Inc.), No. 00-41610, 2005 WL 6289213, at *3-4 (D.N.J. Nov. 2, 2005); In re Newark Airport/Hotel Ltd. P'ship, 156 B.R. 444, 451 (Bankr. D.N.J. 1993). As discussed below, the legislative history of section 1121(d) and applicable case law support the Debtor's requested extension of the Exclusive Periods.

13. In determining whether cause exists to grant an extension of the exclusive periods during which a debtor may file and solicit acceptances of a chapter 11 plan, courts have considered a variety of factors, any of which may constitute sufficient grounds for granting an extension. See In re Lichtin/Wade, L.L.C., 478 B.R. 204, 210 (Bankr. E.D.N.C. 2012) (noting that the court was not able to locate Fourth Circuit precedent regarding extension of exclusivity, but then looking to other circuits for the proposition that "whether cause exists is a factual

determination that must be considered on a case by case basis"); Hoffinger, 292 B.R. at 644 ("It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); In re Homestead Partners Ltd., 197 B.R. 706, 720 (Bankr. N.D. Ga. 1996) (applying only those factors relevant to the case at hand).

14.     The factors relevant to the Debtor's case include: (a) the size and complexity of the case; (b) the Debtor's progress in resolving issues facing the estate; and (c) whether an extension of time will harm the Debtor's creditors. See, e.g., Lichtin/Wade, 478 B.R. at 210; Hoffinger, 292 B.R. at 644-45; In re Adelphia Commc'ns Corp., 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006); In re Cent. Jersey Airport Servs., LLC, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); In re Grand Traverse Dev. Co. Ltd. P'ship., 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992); In re Gen. Bearing Corp., 136 B.R. 361, 367 (Bankr. S.D.N.Y. 1992); In re Gibson & Cushman Dredging Corp., 101 B.R. 405, 409-10 (E.D.N.Y. 1989). The Debtor submits that, under all these factors, the Exclusive Periods should be extended.

**A.    The Requested Extension of the Exclusive Periods Is Justified by the Size and Complexity of the Debtor's Chapter 11 Case.**

15.     Both Congress and the courts have recognized that the size or complexity of a debtor's case alone may constitute cause for the extension of a debtor's exclusive periods. See, e.g., H.R. Rep. No. 95-595, at 231, 232, 406 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 6191, 6362; In re Texaco Inc., 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987) ("The large size of the debtor and the consequent difficulty in formulating a plan of reorganization . . . are important factors which generally constitute cause for extending the exclusivity periods."); Burns & Roe Enters., 2005 WL 6289213, at *3 (quoting Texaco and recognizing that a large, complex case can constitute cause for extension).

16. This chapter 11 case is both large and complex. As of the Petition Date, the Debtor was a defendant in tens of thousands of pending asbestos-related personal injury lawsuits filed in state courts across the country. The process of reaching an accurate and fair assessment of the Debtor's asbestos liability and addressing the various other issues that must be resolved in formulating a plan of reorganization require extensive time and effort on the part of the Debtor, the Committee, the Future Claimants' Representative and their respective professionals. Given the substantial work that remains to resolve these matters and achieve a successful reorganization, the Debtor respectfully submits that this case is sufficiently large and complex to grant a further extension of the Exclusive Periods.

**B.     The Debtor's Progress in This Case
         Warrants an Extension of the Exclusive Periods.**

17. An extension of a debtor's exclusive periods also is justified by progress in the resolution of issues facing the debtor's creditors and estate. See, e.g., In re Lionel L.L.C., No. 04-17324, 2007 WL 2261539, at *6 (Bankr. S.D.N.Y. Aug. 3, 2007); Cent. Jersey Airport Servs., 282 B.R. at 184; In re McLean Indus. Inc., 87 B.R. 830, 835 (Bankr. S.D.N.Y. 1987); Texaco, 76 B.R. at 327. As described in detail above, the Debtor has made substantial progress in this case, including by (a) obtaining a resolution of the critical issues raised by the PI Motion and the Dismissal Motion; (b) obtaining other relief from the Court, including the Removal Extension Order that preserves the Debtor's ability to remove actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027; (c) complying with the reporting and other obligations of a debtor in possession; (d) continuing regular discussions with the Committee and the Future Claimants' Representative to promote a prompt resolution of this case; (e) producing documents and information to the Committee and the Future Claimants' Representative in support of these discussions; (f) developing a proposed plan of reorganization and soliciting the input of the

Committee and the Future Claimants' Representative; and (g) preparing for next steps in the case, including the anticipated estimation of current and future asbestos claims under section 502(c) of the Bankruptcy Code, and discussing those steps with the Committee and the Future Claimants' Representative.  The Debtor's progress to date on these and the other matters described above justifies the requested extension of the Exclusive Periods.

C.  **The Requested Extension of the Exclusive Periods Will Not Harm the Debtor's Creditors or Other Parties in Interest.**

18.  The extension of the Exclusive Periods requested herein will not harm the Debtor's creditors or other parties in interest.  In light of the size and complexity of the Debtor's chapter 11 case, there are several critical issues that must be resolved before a plan of reorganization can be implemented.  Notably, the amount of the Debtor's legal liability for asbestos claims to be addressed in a plan of reorganization must be determined and, in the absence of a consensual agreement to date, the Debtor believes that an estimation proceeding will be needed to assist in that process.  Likewise, the process of negotiating other specific plan terms remains ongoing as the Debtor continues to await input from the Committee and the Future Claimants' Representative.  Under the circumstances, the relief requested herein will not result in a delay of the plan process; rather, it will permit the process to move forward in an orderly and efficient fashion.

**Notice**

19.  Consistent with the Case Management Order, notice of this Motion has been provided to (a) the Office of the United States Bankruptcy Administrator for the Western District of North Carolina; (b) counsel to the Committee; (c) counsel to the Future Claimants' Representative; (d) counsel to New GP; and (e) all other parties as required by the Case

Management Order. The Debtor submits that, in light of the nature of the relief requested herein, no other or further notice of this Motion need be provided.

## No Prior Request

20. No prior request for the relief sought in this Motion has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>: (i) extending the Exclusive Filing Period in this case through and including May 2, 2019, (ii) extending the Exclusive Solicitation Period in this case through and including July 2, 2019 and (iii) granting such other relief to the Debtor as the Court may deem proper.

Dated: February 28, 2019
      Charlotte, North Carolina

Respectfully submitted,

  /s/   *Garland S. Cassada*
Garland S. Cassada (NC Bar No. 12352)
David M. Schilli (NC Bar No. 17989)
Andrew W.J. Tarr (NC Bar No. 31827)
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
E-mail:    gcassada@robinsonbradshaw.com
             dschilli@robinsonbradshaw.com
             atarr@robinsonbradshaw.com

Gregory M. Gordon (TX Bar No. 08435300)
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail:    gmgordon@jonesday.com
(Admitted *pro hac vice*)

Jeffrey B. Ellman (GA Bar No. 141828)
Brad B. Erens (IL Bar No. 06206864)
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309
Telephone: (404) 581-3939
Facsimile: (404) 581-8330
E-mail:    jbellman@jonesday.com
             bberens@ jonesday.com
(Admitted *pro hac vice*)

ATTORNEYS FOR DEBTOR AND
DEBTOR IN POSSESSION

# **EXHIBIT A**

NAI-1506419559

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re<br><br>BESTWALL LLC,[1]<br>　　　　　　　Debtor. | Chapter 11<br><br>Case No. 17-31795 (LTB) |

**FOURTH ORDER EXTENDING THE EXCLUSIVE PERIODS TO FILE**
**A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THEREOF**

This matter coming before the Court on the *Debtor's Fourth Motion for an Order Extending the Exclusive Periods to File a Plan of Reorganization and Solicit Acceptances Thereof* (the "Motion"),[2] filed by Bestwall LLC, the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"); the Court having reviewed the Motion and having heard the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this

---

[1] The last four digits of the Debtor's taxpayer identification number are 5815. The Debtor's address is 100 Peachtree Street, N.W., Atlanta, Georgia 30303.

[2] Capitalized terms used but not defined herein shall have the respective meanings given to such terms in the Motion.

NAI-1506419559

district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (iv) cause exists within the meaning of section 1121(d) of the Bankruptcy Code for the extension of the Exclusive Periods granted herein; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Filing Period is hereby extended through and including May 2, 2019.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Exclusive Solicitation Period is hereby extended through and including July 2, 2019.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation, implementation or enforcement of this Order.

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court