

FILED & JUDGMENT ENTERED
Steven T. Salata

December 18 2019

Clerk, U.S. Bankruptcy Court
Western District of North Carolina



_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
|  | : |  |
| BESTWALL LLC[1] | : | Case No. 17-31795 (LTB) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |

## AGREED ORDER ESTABLISHING MEDIATION
## OF CERTAIN CHAPTER 11 CASE MATTERS

The Court, having been advised that (a) the above-captioned debtor and debtor in possession (the "Debtor"), (b) the official committee of asbestos personal injury claimants (the "ACC"), (c) Sander L. Esserman, as the official legal representative for future asbestos personal injury claimants (the "FCR") and (d) Georgia-Pacific LLC, the Debtor's non-debtor affiliate ("Georgia-Pacific" and, together with the Debtor, the ACC and the FCR, the "Parties") have reached an agreement with respect to the terms set forth herein, as reflected by the signatures of their respective counsel set forth below, finds and concludes as follows:

---

[1] The last four digits of the Debtor's taxpayer identification number are 5815. The Debtor's address is 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

A.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.  At a hearing conducted on October 23, 2019 (the "October 23rd Hearing"), the Court referred the Parties to mediation (the "Mediation") in accordance with Rule 9019-2 of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina (the "Local Rules").

C.  After the October 23rd Hearing, the Court announced that, pending the completion of the Mediation, it was deferring ruling on: (i) the *Motion of the Debtor for Estimation of Current and Future Mesothelioma Claims* [Docket No. 875] (the "Estimation Motion"), which was briefed and argued solely with respect to the issue of whether the Court should conduct an estimation of the Debtor's asbestos liabilities (the "Initial Issue"); and (ii) the *Motion of the Official Committee of Asbestos Claimants to (I) Dismiss the Chapter 11 Case for Cause Pursuant to 11 U.S.C. § 1112(b), or Alternatively, (II) to Set a Deadline (A) by Which the Debtor Must Confirm a Chapter 11 Plan or (B) to Lift the Preliminary Injunction in Favor of New GP and the Protected Parties* [Docket No. 938] (together with the Estimation Motion, the "Contested Motions").

IT IS HEREBY ORDERED THAT:

1.  The Parties shall participate in good faith in the Mediation in an effort to develop the primary terms of a consensual chapter 11 plan under section 524(g) of the Bankruptcy Code (the "Mediation Issue").[2]

---

[2] The ACC and the FCR have requested a list of all asbestos containing products for which the Debtor is seeking to channel its liability to a section 524(g) trust in addition to those products identified in the previously provided (a) 2005 discovery responses in the asbestos MDL in the District Court of Harris County, Texas, 11th Judicial District (Cause No. 2004-03964) (*See Debtor's Response to the Informational Brief of the Official Committee of Asbestos Claimants of Bestwall LLC* at Docket No. 1034, Ex H) and (b) Old GP's interrogatory responses from 2016 in the case *Bullis v. BNSF Railway Co., et al.* in the Superior Court of the State of Washington for King County (Case No. 15-2-29865-8) (interrogatories dated March 28, 2016).

2.   The Mediation shall be conducted in accordance with Local Rule 9019-2 and the *Revised Rules Implementing Statewide Mediated Settlement Conferences and Other Settlement Procedures in Superior Court Civil Actions*, adopted on January 23, 2014 (together with Local Rule 9019-2, the "Mediation Rules"), except as otherwise set forth herein. In the event of a conflict between (a) the Mediation Rules and (b) this Order (including, without limitation, the Mediation Schedule and Procedures, as defined herein), this Order shall govern.

3.   The Parties have selected, and the Court approves and appoints, Richard J. Davis, Esq. of Richard J. Davis Law to serve as the mediator for the Mediation (the "Mediator"). Notwithstanding any limitation in the Mediation Rules, the Mediator need not be a certified North Carolina mediator.

4.   The Debtor is authorized, in consultation with the ACC and the FCR, to engage the Mediator on terms (including the amount of fees) that the Debtor determines are appropriate and reasonable. The Debtor is authorized to take such steps as may be necessary or appropriate in connection with the engagement and appointment of the Mediator.

5.   The Mediation shall be governed in accordance with the schedule and procedures attached hereto as Annex A (collectively, the "Mediation Schedule and Procedures"). Capitalized terms used but not otherwise defined in the Mediation Schedule and Procedures shall have the respective meanings given to such terms in this Order.

6.   The Mediation Schedule and Procedures may be modified either by (a) agreement of the Parties; or (b) further order of the Court after appropriate notice to the other Parties and opportunity for a hearing. Any agreement of the Parties to modify the Mediation

---

In response, the Debtor has agreed to provide information about such additional products by December 13, 2019. The Parties reserve the right to address this issue with the Court at a future omnibus hearing.

Schedule and Procedures shall be documented by a stipulation describing the change or changes to the Mediation Schedule and Procedures, signed by the Parties and filed with the Court.

7. At the first scheduled omnibus hearing in the Chapter 11 Case following the conclusion of the Mediation and the filing of a report by the Mediator regarding the Mediation, the Parties shall: (a) report to the Court regarding the outcome of the Mediation; and (b) if the Mediation Issue has not been resolved through the Mediation, and absent some other agreement among the Parties, schedule a rehearing on the Estimation Motion (with respect to the Initial Issue), to occur prior to the Court's rulings on the Contested Motions.[3] If the Mediation is not concluded by the omnibus hearing set for February 20, 2020, the Parties shall attend that hearing and participate in a status conference on the progress of, and plans for the conclusion of, the Mediation.

8. Each Party shall participate in the Mediation and shall be represented at the Mediation (a) by its retained outside counsel; and (b) if the Party is not a natural person, by one or more officer(s), member(s) or agent(s) who is not such Party's outside counsel and who has authority to negotiate and enter into a binding settlement on behalf of that Party.

9. Without further order of the Court, the Debtor shall pay the full amount of the Mediator's fees and all actual, reasonable and documented out-of-pocket expenses of the Mediator, which fees and expenses shall constitute an administrative expense of the Debtor's estate pursuant to section 503(b) of title 11 of the United States Code (the "Bankruptcy Code").

---

[3] If necessary, the specific procedures for such rehearing can be addressed in a subsequent order or bench ruling from this Court.

10. Any settlement arising out of the Mediation shall be enforceable only in accordance with a written and executed agreement between and among the Parties and any necessary related documents, such as a confirmed plan of reorganization.

11. Pursuant to Rule 408 of the Federal Rules of Evidence and N.C. Gen. Stat. § 7A-38.1(l), as incorporated by Local Rule 9019-2(b) (collectively, the "Disclosure Rules"), no person or Party may rely on, disclose, divulge to the Court or introduce as evidence in connection with any arbitral, judicial or other proceeding (including, but not limited to, any hearing held by this Court in the Debtor's chapter 11 case or related proceedings) any aspect of the Mediation, including, but not limited to: (a) any statement, admission or proposal made by the Mediator, the Parties or others during the Mediation process; and (b) any records, reports, documents or other materials received or made by the Mediator while serving in such capacity (the items in (a) and (b), collectively, the "Mediation Materials"), unless it is otherwise admissible under the Disclosure Rules, it exists independently of the Mediation or the Parties otherwise agree. Except as provided in N.C. Gen. Stat. § 7A-38.1(l), the Mediation Materials shall not be subject to discovery. Pursuant to Rule III of the North Carolina Revised Standards of Professional Conduct for Mediators, the Mediator shall maintain the confidentiality of all Mediation Materials and, except as provided in N.C. Gen. Stat. § 7A-38.1(l), the Mediator shall not be compelled to (a) divulge any Mediation Materials to any person or Party or (b) testify in regard to the Mediation or Mediation Materials in connection with any arbitral, judicial or other proceedings, including, but not limited to, any hearing held by the Court in the Debtor's chapter 11 case or related proceedings.

12. In connection with the Mediation, each Party is permitted to use in the Mediation and share with the Mediator any confidential material it determines is appropriate,

*provided that*: (a) any further use of confidential information subject to the *Agreed Protective Order Governing Confidential Information* [Docket No. 337] shall remain subject to the terms of that order; and (b) for the avoidance of doubt, all such confidential materials used in the Mediation or shared with the Mediator will be treated as Mediation Materials subject to the confidentiality and non-disclosure restrictions set forth in this Order.

13. Within ten days after the conclusion of the Mediation, the Mediator shall file a report consistent with Local Form 17. For the avoidance of doubt, nothing in this Order (including the Mediation Schedule and Procedures) precludes the Mediator from reporting the status (although not the content) of the Mediation to the Court orally or in writing at any time, or from reporting failures to attend or to participate in the Mediation in good faith.

14. The Debtor shall serve a copy of this Order within three business days after its entry on (a) counsel for the ACC, (b) counsel for the FCR, (c) counsel for Georgia-Pacific; (d) the Mediator; (e) the United States Bankruptcy Administrator for the Western District of North Carolina; and (f) all parties having requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure as of the date of the entry of this Order.

15. The Court retains exclusive jurisdiction over this Order and the relief granted herein and any and all matters arising from or relating to the implementation, enforcement or interpretation of this Order.

[*Remainder of Page Intentionally Blank.*]

AGREED AND CONSENTED TO BY:

*/s/* Gregory M. Gordon
Garland S. Cassada (NC Bar No. 12352)
David M. Schilli (NC Bar No. 17989)
Richard C. Worf (NC Bar No. 37143)
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina 28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
E-mail: gcassada@robinsonbradshaw.com
　　　　dschilli@robinsonbradshaw.com
　　　　rworf@robinsonbradshaw.com

-and-

Gregory M. Gordon (TX Bar No. 08435300)
(admitted *pro hac vice*)
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas 75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail:  gmgordon@jonesday.com

-and-

Jeffrey B. Ellman (GA Bar No. 141828)
Brad B. Erens (IL Bar No. 620664)
(admitted *pro hac vice*)
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 581-3939
Facsimile:  (404) 581-8330
E-mail: jbellman@jonesday.com
　　　　bberens@jonesday.com

COUNSEL FOR THE PLAINTIFF/DEBTOR
AND DEBTOR IN POSSESSION

*/s/* Natalie D. Ramsey
Glenn Thompson (NC Bar No. 37221)
HAMILTON STEPHENS STEELE +
MARTIN, PLLC
525 North Tryon Street, Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 227-1067
Facsimile: (704) 344-1483
E-mail: gthompson@lawhssm.com

-and-

Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
(admitted *pro hac vice*)
ROBINSON & COLE LLP
1201 North Market Street, Suite 1406
Wilmington, Delaware  19801
Telephone: (302) 516-1700
E-mail:  nramsey@rc.com

-and-

Mark A. Fink (DE Bar No. 3946)
(admitted *pro hac vice*)
ROBINSON & COLE LLP
Chrysler Building East
666 Third Avenue, 20th Floor
New York, New York 10017
Telephone:  (212) 451-2900
E-mail:  mfink@rc.com

COUNSEL TO THE OFFICIAL
COMMITTEE OF ASBESTOS
CLAIMANTS OF BESTWALL LLC

| | |
|---|---|
| */s/* Mark P. Goodman | */s/* Edwin J. Harron |
| Matthew L. Tomsic (NC Bar No. 52431) | Felton E. Parrish (NC Bar No. 25448) |
| RAYBURN COOPER & DURHAM, P.A. | HULL & CHANDLER, P.A. |
| 227 West Trade Street, Suite 1200 | 1001 Morehead Square Drive, Suite 450 |
| Charlotte, North Carolina  28202 | Charlotte, North Carolina  28203 |
| Telephone:  (704) 334-0891 | Telephone:  (704) 375-8488 |
| Facsimile:  (704) 377-1877 | E-mail:  fparrish@lawyercarolina.com |
| E-mail:  mtomsic@rcdlaw.com | |
| | -and- |
| -and- | |
| | Sharon M. Zieg (NC Bar No. 29536) |
| M. Natasha Labovitz (NY 2813251) | Edwin J. Harron (DE 3396) |
| Mark P. Goodman (NY 2207884) | (admitted *pro hac vice*) |
| (admitted *pro hac vice*) | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| DEBEVOISE & PLIMPTON LLP | Rodney Square |
| 919 Third Avenue | 1000 North King Street |
| New York, New York  10022 | Wilmington, Delaware  19801 |
| Telephone: (212) 909-6648 | Telephone:  (302) 571-6655 |
| E-mail:  nlabovitz@debevoise.com | E-mail:  eharron@ycst.com |
|              mpgoodman@debevoise.com |              szieg@ycst.com |
| COUNSEL FOR GEORGIA-PACIFIC LLC | COUNSEL FOR SANDER L. ESSERMAN, THE FUTURE CLAIMANTS' REPRESENTATIVE |

| | |
|---|---|
| This Order has been signed electronically. The Judge's signature and Court's seal appear at the top of the Order. | United States Bankruptcy Court |

## ANNEX A

NAI-1509673118

## Mediation Schedule and Procedures

The Mediation shall be governed by the following schedule and procedures:

(a) At least 14 days before the commencement of the first Mediation session, each of the Parties shall submit a mediation statement (each, a "Mediation Statement") to the Mediator and shall serve a copy of the Mediation Statement on counsel to the other Parties. Each Party's Mediation Statement shall be no longer than 50 pages. Each Mediation statement shall include a numerical estimate or a range of numerical estimates of the Debtor's liability for current and future asbestos claims and a description of the Party's methodology and assumptions that explains the calculation of the proposed amount necessary to fund a trust under section 524(g) of the Bankruptcy Code.

(b) In addition to the Mediation Statement, the Parties may submit such additional materials to the Mediator as they choose, including any expert's reports or other documents underlying the Parties' estimates of the amount necessary to fund a trust under section 524(g) of the Bankruptcy Code, to be held by the Mediator as confidential. Further, the Mediator may request such additional information or materials as he believes will assist him in mediating a settlement between the Parties, including any expert's reports or other documents underlying the Parties' estimates of the amount necessary to fund a trust under section 524(g) of the Bankruptcy Code. The Mediator shall not share any information submitted to the Mediator other than the Mediation Statements with other Parties without the consent of the submitting Party. For the avoidance of doubt, any materials submitted to the Mediator confidentially shall be Mediation Materials subject to the confidentiality and nondisclosure obligations of the appended Agreed Order.

(c) On or before December 20, 2019, each side (*i.e.*, the ACC and FCR on the one hand and the Debtor and Georgia-Pacific on the other) shall schedule an initial private conference call with the Mediator to (a) address any questions the Mediator may have with respect to the agreed set of materials submitted to him and (b) provide any other information they believe the Mediator should have to prepare for the Mediation. The Parties also may schedule one additional private in-person meeting or telephonic conference with the Mediator to be held prior to the first Mediation session and, subsequent to the first Mediation session, the Parties, upon notice to the other Parties, may schedule one or more private in-person meetings or telephonic conferences with the Mediator. Notwithstanding the foregoing, (i) by agreement, the Parties may at any time, including before the first Mediation session but prior to the conclusion of the Mediation, schedule one or more joint in-person meetings or telephonic conferences to be attended by all of the Parties and the Mediator; and (ii) after December 20, 2019, the Mediator at any time may conduct such additional meetings or

2

        phone calls with one or more Parties that he believes would be helpful to the Mediation process, in his sole discretion. All discussions held during the private in-person meetings or telephonic conferences with the Mediator shall be strictly confidential, except as otherwise designated by the Parties.

(d)    The Mediation shall be held on January 30, 2020 and February 14, 2020. The Mediation shall take place in New York, New York at a location and at starting times to be agreed upon by the Parties. Additional Mediation sessions may be scheduled by the agreement of the Parties and the Mediator.