IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| BESTWALL LLC,[1] | : | Case No. 17-31795 (LTB) |
| | : | |
| Debtor. | : | |
| | : | |

## THIRD MOTION OF THE OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS TO SUBSTITUTE A COMMITTEE MEMBER

The Official Committee of Asbestos Claimants of Bestwall LLC (the "Committee") appointed on November 16, 2017 (the "Appointment Date"), in the above-captioned chapter 11 case of Bestwall LLC (the "Debtor"), hereby moves this Court to appoint Steven J. Watts as substitute Committee member for Jeffrey A. Watts, who passed away (the "Motion"). In further support of this Motion, the Committee states as follows:

1. On November 16, 2017, this Court entered an order appointing the members of the Committee. *See Order Appointing Official Committee of Asbestos Claimants* [Dkt. No. 97] (the "Appointment Order"). Since entering the Appointment Order, the Court has issued two orders substituting deceased Committee members. *See Order Granting Motion Substituting Member of the Official Committee of Asbestos Claimants* [Dkt. No. 335] (the "First Substitution Order"); *Order Granting Motion Substituting Second Member of the Official Committee of Asbestos Claimants* [Dkt. No. 666]. Among the Committee's members was Jeffrey A. Watts, whose tort counsel was Christian Hartley of the law firm Maune Raichle Hartley French & Mudd, LLC (the "Maune Firm"). At the time of his appointment, Jeffrey A. Watts had sued

---

[1] The last four digits of the Debtor's taxpayer identification number are 5815. The Debtor's address is 133 Peachtree Street, N.W., Atlanta, Georgia 30303.

Georgia-Pacific, LLC prepetition for injuries and exposure leading to his contracting mesothelioma, an always fatal form of asbestos-related cancer, caused by secondary exposure to Georgia-Pacific joint compound. Mr. Watts held an asbestos-related personal injury claim against Bestwall LLC, as successor to Georgia-Pacific LLC; his estate now holds a wrongful death claim against Bestwall LLC and that claims survives his passing.

2. Sadly, on February 26, 2020, Mr. Watts lost his life as a result of his mesothelioma. Mr. Watts's brother Steven J. Watts succeeded as successor-in-interest in the case *Jeffrey A. Watts v. Ashby Lumber Company, et al.*, Case No. RG17873335 (Cal. Super. Ct. Alameda Cty.) pursuant to section 377.11 of the California Code of Civil Procedure. Attached hereto as Exhibit A is a copy of the Declaration of Steven J. Watts Pursuant to C.C.P. Section 377.32, filed on April 21, 2020.

3. Bankruptcy Code § 1102(a)(4) provides that "[o]n request of a party in interest and after notice and a hearing, the court may order the United States trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors . . . ." 11 U.S.C. § 1102(a)(4). Moreover, Federal Rule of Civil Procedure 25(a) provides in relevant part: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a).[2] Additionally, this Court has authority to modify the Appointment Order through its inherent powers and Bankruptcy Code § 105(a). *See In re Arms*, 238 B.R. 259, 261 (Bankr. D. Vt. 1999); *In re Dore & Assocs. Contracting, Inc.*, 54 B.R. 353, 360 (Bankr. W.D. Wis. 1985).

4. The First Substitution Order specifically provided that if additional substitutions of Committee members was required, the Committee was authorized to utilize the no protest

---

[2] Rule 25 is made applicable here by Federal Rules of Bankruptcy Procedure 7025 and 9014(c).

motion process as set forth in Rule 9013-1(e) of the Rules of Practice and Procedure of the United States Bankruptcy Court for the Western District of North Carolina.

5.  The Committee requests that the Court appoint Steven J. Watts to replace the late Jeffrey A. Watts.  This Court originally appointed Mr. J. Watts, among others, to ensure adequate representation of the Debtor's asbestos creditors.  To maintain that representation, Mr. J. Watts' successor, Steven J. Watts, should be substituted in his place.  In fulfilling his charge as a Committee member, Maune Raichle Hartley French & Mudd, LLC will act on Steven Watts' behalf as attorney and agent.

6.  The Bankruptcy Administrator and the Debtor each has informed the Committee that neither party objects to the relief requested in this Motion.

### CONCLUSION

WHEREFORE, for the reasons noted above, the Committee requests that this Court enter an order granting this Motion substantially in the form attached hereto as Exhibit B and such other and further relief as this Court deems just and appropriate.

Dated: June 4, 2021

        Respectfully submitted,

        HAMILTON STEPHENS STEELE
        + MARTIN, PLLC

        *s/ Glenn C. Thompson*
        Glenn C. Thompson (Bar No. 37221)
        525 North Tyron Street, Suite 1400
        Charlotte, North Carolina 28202
        Telephone: (704) 344-1117
        Facsimile: (704) 344-1483
        gthompson@lawhssm.com

        Linda W. Simpson (Bar No. 12596)
JD THOMPSON LAW
Post Office Box 33127
Charlotte, North Carolina 28233
Telephone: (828) 489-6578
lws@jdthompsonlaw.com

Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
ROBINSON & COLE LLP
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
Telephone: (302) 516-1700
nramsey@rc.com
dwright@rc.com

*Counsel to the Official Committee of Asbestos Creditors*