# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT

Western District of North Carolina

In re Bestwall LLC
Debtor

(*Complete if issued in an adversary proceeding*)

Case No. 17-31795

Chapter 11

______________________
Plaintiff
v.
______________________
Defendant

Adv. Proc. No. ________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: David M. Bernstein
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Robinson & Cole LLP<br>1201 N. Market St., Suite 1406<br>Wilmington, Delaware 19801 | February 28, 2022<br>10 a.m. ET |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

CLERK OF COURT

OR

______________________ ______________________
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* ______________________ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on (*date*) ___________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)

## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# **SCHEDULE A**

The following shall apply throughout this set of discovery requests:

## **DEFINITIONS**

As used in this request, the following words have the meanings contained herein:

1. “And” and “Or,” whether capitalized or not, are intended as terms of inclusion, and not exclusion, and should be construed both disjunctively and conjunctively so as to bring within the scope of the Requests information which might otherwise be considered to be outside of their scope.

2. “Bernstein,” “You” or “Your,” shall mean David M. Bernstein and and his employees, agents and agents’ employees, and other persons acting at the direction of his agents or his agents’ employees and/or, in turn, their agents performing work on behalf of and/or for the benefit of David A. Bernstein.

3. “Bernstein Studies/Articles” shall mean all studies, tests, articles or other works (whether published or unpublished), performed or authored in whole or in part by David A. Bernstein (“you”) or on which you are listed as an author relating to asbestos generally *and/or* products containing asbestos. The term “Bernstein Studies” includes, but is not limited to:

a. Bernstein et. al., *Comparison Of Calidria Chrysotile Asbestos To Pure Tremolite: Inhalation Biopersistence And Histopathology Following Short-Term Exposure*, Inhalation Tox., 15:1387-1419 (2003);

b. Bernstein et. al., The Biopersistence of Canadian Chrysotile Asbestos Following Inhalation: Final Results Through 1 Year After Cessation of Exposure, Inhalation Tox. 17:1-14 (2005);

c. Bernstein et. al., Comparison of Calidria Chrysotile Asbestos to Pure Tremolite: Final Results of the Inhalation Biopersistence and Histopathology Examination Following Short-Term Exposure, Inhalation Tox. 17:427-449 (2005);

d. Bernstein, Understanding Chrysotile Asbestos: A New Perspective Based Upon Current Data, IOHA 2005 Pilanesberg: Paper J3 p.;

e. Bernstein et. al., The health effects of chrysotile: Current perspective based upon recent data, Reg. Tox. & Pharm. (2006);

f. Bernstein et. al., A Biopersistence Study following Exposure to Chrysotile Asbestos Alone or in Combination with Fine Particles, Inhalation Tox. 20:1009-1028 (2008);

g. Bernstein et. al., The Pathological response and fate in the lung and pleural of chrysotile in combination with fine particles compared to amosite asbestos following short-term inhalation exposure: interim results, Inhalation Tox., 22(11):937-962 (2010);

h. Bernstein et. al., Quantification of the pathological response and fate in the lung and pleura of chrysotile in combination with fine particled compared to amosite asbestos following short-term inhalation exposure, Inhalation Tox., 23(5-8):372-391 (2011);

i. Bernstein et. al., Response to Murray M. Finkelstein, letter to the editor re Bernstein et al: Health risk of chrysotile revisited, Crit. Rev. Toxicol., 43(2):154-183 (2013);

j. Bernstein et. al., Response to Murray M. Finkelstein, letter to the editor re Bernstein et al: Health risk of chrysotile revisited, Crit. Rev. Toxicol., 43(2):154-183, Crit. Rev. Toxicol., 43(8):709-710 (2013);

k. Bernstein, The health risk of chrysotile asbestos, Curr. Opin. Pulmon. Med. 20(4):366-70 (2014);

l. Bernstein et. al., Evaluation of the deposition, translocation and pathological response of brake dust with and without added chrysotile in comparison to crocidolite asbestos following short-term inhalation: Interim results, Tox. & App. Pharm. 276:28-46 (2014);

m. Bernstein et. al., Evaluation of the fate and pathological response in the lung and pleura of brake dust alone and in combination with added chrysotile compared to crocidolite asbestos following short-term inhalation exposure, Tox. & App. Pharm. (2015); and/or

n. Any other studies, literature or works Union Carbide Corporation ("UCC"), Georgia Pacific ("GP) and/or Honeywell International Inc. ("Honeywell") and/or counsel for any of these companies, including but not limited to Bruce Bishop and the law firm of Wilcox & Savage directly or indirectly funded or otherwise participated in.

4. "Bestwall Gypsum" shall refer to the Bestwall Gypsum Company, a spin-off of CertainTeed Products Company, acquired by Old GP in 1965.

5. "Bestwall" or the "Debtor" shall refer to the company which emerged from the 2017 Corporate Restructuring and domesticated itself as a North Carolina LLC, and claims to have succeeded to certain assets and liabilities of Bestwall Gypsum and Old GP's asbestos liability.

6. "Committee" shall mean the Official Committee of Asbestos Personal Injury Claimants appointed in the above-captioned case, as such committee may be supplemented, reconstituted, or reformulated from time to time, and any and all agents, attorneys, and other persons acting or purporting to act for, on behalf of, in conjunction with, or who are subject to the direction and control of, such committee.

7. "Communication" is used in the broadest possible sense and means any internal or external transmission of information (in the form of facts, ideas, inquiries, or otherwise), the information transmitted, and any process by which the information is transmitted.

8. "Document" is used in the broad sense and includes, but is not limited to, the following items, whether printed or recorded or reproduced by any other mechanical process, or written or produced by hand, and whether sent or received or neither, and further includes any and every manner of information recordation, storage, transmission or retrieval, including, but not limited to (a) typing, handwriting, printing, or any other form of writing or marking on paper or other material, (b) audio or video recordings, photographs, microfilms, microfiche, photocopies, and (c) any electronic, magnetic, or electromagnetic means of information storage and/or retrieval, including, but not limited to, electronic mail ("E-Mail"), optical storage media, computer memory chips, computer tapes, hard disks, compact discs, floppy disks, and any other storage medium used in connection with electronic data processing (together with the programming instructions and all other material necessary to understand or to use such tapes, disks, or other storage materials), namely: contracts; agreements and understandings; Communications, including intra-company, intra-agency or intra-governmental Communications; memos; statements; handwritten or other types of notes; correspondence; telegrams; memoranda; notices; records; books; summaries, notes, or records of telephone conversations; summaries, notes, or records of personal conversations or interviews; diaries; forecasts; statistical statements; accountants' work papers; graphs; charts; ledgers; journals; books or records of account; summaries of accounts; balance sheets; income statements; minutes or records of meetings or conferences; desk calendars; appointment books (including pocket appointment books); reports and/or summaries of interviews; reports and/or summaries of investigations; rough or scratch pad notes; records, reports or summaries of negotiations; studies; brochures; pamphlets; circulars; press releases; contracts; projections; drafts of any Documents; working papers; marginal notations; doodlings; photographs; drawings; checks (front and back); invoices, bills of lading and other commercial papers; tape or video recordings; computer printouts; data processing input and output; microfilms; check stubs or receipts; and any other Document or writing of whatever description. As used herein, "Document" means the original and any non- identical copy. Handwritten notations of any kind on the original or any copy of a Document render same non-identical.

9. "Georgia-Pacific" shall mean New GP, Old GP, the Debtors, or any of the Protected Parties.

10. "Including," whether capitalized or not, shall mean including, but not limited to. Phrases following the term "including" are not intended to be exhaustive of the topics or

information sought and shall not in any way be read to limit the scope of the Requests specified above.

11. "New GP" shall refer to the company, Georgia-Pacific LLC, which emerged from the 2017 Corporate Restructuring and domesticated itself as a Delaware LLC, and claims to have succeeded to non-asbestos related assets and liabilities of Old GP.

12. "Old GP" shall refer to Georgia-Pacific LLC as it existed prior to the 2017 Corporate Restructuring, along with any affiliates, parents, subsidiaries, or divisions existing at any time prior to the 2017 Corporate Restructuring.

13. "Plaintiff" shall mean any plaintiffs who filed an asbestos personal injury lawsuit against the Debtor or contacted You about a potential lawsuit based on an Asbestos PI Claim before the Debtor's bankruptcy petition, as well as all related claimants asserting claims based on such plaintiff's mesothelioma (such as personal representatives and wrongful death claimants):

14. "Protected Parties" shall mean the parties protected by a preliminary injunction in the adversary proceeding listed in **Exhibit A**.

15. "Regarding," whether capitalized or not, means concerning, referring to, relating to, evidencing, explaining, constituting, or comprising.

16. "Grant application" shall mean any and all documents, applications, letters, requests or paperwork written, directed, or signed by you (or sent on behalf of you) requesting any amount of funding or compensation for proposed or undertaken research, experiments, scientific endeavors or similar work.

17. The terms "relate," "relates," "related to," "relation to," and "relating to" mean analyzing, evaluating, estimating, concerning, constituting, containing, dealing with, describing, disclosing, discussing, disproving, evidencing, explaining, pertaining to, proving, referring to, reflecting, regarding, setting forth, showing, summarizing, or supporting in any way either directly or indirectly, and either in whole or in part.

18. The singular form shall include the plural form and the plural form shall include the singular form.

## INSTRUCTIONS

1. In answering these requests, furnish all information available to you, including Documents in your possession, custody, or control or in the possession, custody, or control of any person or entity acting on your behalf, including, but not limited to, Documents and things within the possession, custody, or control of your affiliates, agents, servants, employees, representatives, officers, directors, partners, owners, and shareholders. If you cannot respond to any part of these requests in full after exercising due diligence to secure the Documents

requested, you must so state and respond to the requests as fully as possible.

2. If there are no Documents responsive to any of these requests, please provide a written response so stating and whether Documents are being withheld based on any objections.

3. Documents shall be produced as they are kept in the ordinary course.

4. All Documents shall be produced in the file folder, envelope or other container in which the Documents were kept or maintained. If for any reason the container cannot be produced, copies of all labels or other identifying marks shall be produced. For each Document or group of Documents produced in hardcopy, as opposed to electronic format, identify the custodian.

5. Documents not otherwise responsive to these requests shall be produced if the Documents concern, are attached to, are attaching Documents, or are otherwise in a group containing Documents that are called for by these requests, including but not limited to chains of e-mails where requested Documents have been produced.

6. For any Document generated, maintained, or stored electronically, produce with searchable text in the following format: single-page Group IV TIFF images at 300 DPI and associated multi-page text files containing extracted text or with appropriate software load files containing all requisite information for use with litigation support (e.g., Relativity®, Concordance® OPT files), as agreed to by the parties. Each page image shall be named with a unique production number.

7. If any information contained in the answers to these requests is not within your personal knowledge, so state. The answers to these requests should identify each person, Document, and Communication on which you rely for the information contained in any answer not based solely on your own personal knowledge.

8. If you cannot answer any portion of any of the following requests in full after exercising diligence to secure the information, so state and answer to the extent possible, specifying your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portions, including the name of any person who may have additional knowledge or information to complete the answer.

9. Where Documents are claimed to be outside your possession, custody, or control, please describe all efforts by you to obtain or locate the requested Documents; identify the name and address of the person or entity who you believe currently has possession, custody, or control of the requested Documents; and provide all information contained in the Document of which you have knowledge in lieu of producing the requested Documents.

10. If you at any time had possession or control of a Document requested to be

identified or produced, and if that Document has been lost, destroyed, purged, or is not presently in your possession or control, you shall describe the Document, the date of its loss, destruction, purge, or separation from your possession or control and, if known, you shall identify the person last known by you to have possession or control of the Document.

11. If you object to or withhold from production any Document encompassed by these requests for Production for any reason, set forth the following information with respect to each Document: (a) the identity of the Document and a legal basis for objecting to or withholding its production, including any claim of privilege or any claim that a Document has been lost or destroyed; (b) the names of all authors, signors, addressees and recipients of the Document; (c) a brief description of the nature (e.g., letter, memorandum) and subject matter of the Document; and (d) the date of the Document. Similarly, for any Document that is produced, but redacted in part, the parties must include information regarding the redactions on a privilege log.

12. If any information responsive to an interrogatory or request for production is withheld on a claim of privilege, state the following information:

a. The nature of the privilege asserted;
b. The general subject matter of the information claimed to be privileged; and
c. For Documents:
   i. Document date;
   ii. Document type;
   iii. Document title or, in the case of emails, subject line;
   iv. Description sufficient to enable the opposing party to evaluate appropriateness of the grounds for withholding;
   v. Author;
   vi. Direct recipients; and
   vii. CC and/or BCC recipients.

13. The Committee believes that due to the nature of this case, none of materials contained within the historical case files are subject to attorney-client privileges or the work product doctrine.

14. These requests are continuing in nature. If you become aware of or acquire in your possession, custody, or control additional responsive information, you are requested to supplement your responses. Supplemental answers are to be made and served on the Committee no later than thirty (30) days after You receive or becomes aware of such information.

## DOCUMENTS REQUESTED

**REQUEST FOR PRODUCTION NO. 1**

All communications with Old GP.

**REQUEST FOR PRODUCTION NO. 2**

All communications with Bestwall.

**REQUEST FOR PRODUCTION NO. 3**

All communications with any attorneys or representatives with Old GP.

**REQUEST FOR PRODUCTION NO. 4**

All expert reports you have submitted in any case in the United States, including draft reports and the materials you relied on.

**REQUEST FOR PRODUCTION NO. 5**

All expert reports you have submitted in any case in the United States, including draft reports and the materials you relied on.

**REQUEST FOR PRODUCTION NO. 6**

A current C.V., which includes all cases in which you have served as a testifying or consulting expert, where the subject matter of the case involved asbestos, asbestos-related diseases, Malignant Mesothelioma, Metastatic Pleural Tumor, Asbestosis, or Lung Cancer. The list of cases should include indication when you worked for Old GP, the compensation for the expert testimony, and how many times you testified for defendant.

**REQUEST FOR PRODUCTION NO. 7**

All expert reports you have submitted in any case in the United States, including draft reports and the materials you relied on.

**REQUEST FOR PRODUCTION NO. 8**

All presentations you have made regarding asbestos, asbestos-related diseases, Malignant Mesothelioma, Metastatic Pleural Tumor, Asbestosis, or Lung Cancer.

**REQUEST FOR PRODUCTION NO. 9**

All documents concerning articles (including drafts) that you have authored (or co-authored) regarding asbestos, asbestos-related diseases, Malignant Mesothelioma, Metastatic Pleural Tumor, Asbestosis, or Lung Cancer. This includes drafts that were not published, comments from peers, or comments, edits, revisions, or statements from third-parties including Old GP or Bestwall.

**REQUEST FOR PRODUCTION NO. 10**

All documents showing any income or benefits you received from Georgia-Pacific, the International Chrysotile Association, the Chrysotile Institute, The National Commission of Asbestos Workers, The Brazilian Chrysotile Institute, Grupo Eternit, Union Carbide, or these companies'/organizations' sister corporations or subsidiaries.

**REQUEST FOR PRODUCTION NO. 11**

For each of the Bernstein Studies/Articles, all documents relating to or reflecting any communications between you and/or any of the authors/scientists (including any staff or persons) and the entities, including lawyers and law firms, that directly or indirectly provided funding for the study, test, article.

**REQUEST FOR PRODUCTION NO. 12**

For each of the Bernstein Studies/Articles, produce all documents relating to the nature and extent of all financial contributions of the entities, including lawyers and law firms, that directly or indirectly provided funding for the study, test, article or other work

**REQUEST FOR PRODUCTION NO. 13**

For each of the Bernstein Studies/Articles, produce all correspondence, notes, references, comments, manuscripts, memoranda, communications or other documents (i) made by any author, scientist (and any of their staff) (whether or not internally or externally disseminated) regarding same, and (ii) received by any author, scientist (and any of their staff) (whether or not internally or externally disseminated) regarding same.

**REQUEST FOR PRODUCTION NO. 14**

For each of the Bernstein Studies/Articles, produce all correspondence, notes, references, comments, manuscripts, memoranda, communications or other documents (i) made by any publisher (and any of its staff) (whether or not internally or externally disseminated) regarding

same, and (ii) received by any publisher (and any of its staff) (whether or not internally or externally disseminated).

**<u>REQUEST FOR PRODUCTION NO. 15</u>**

For each of the Bernstein Studies/Articles, produce all correspondence, notes, references, comments, manuscripts, memoranda, communications, documents or other information sent by you and/or your counsel to any author, scientist, person or publisher (and any of their staff) regarding same.

**<u>REQUEST FOR PRODUCTION NO. 16</u>**

For each of the Bernstein Studies/Articles, produce all correspondence, notes, references, comments, manuscripts, memoranda, communications or other information received by you from any author, scientist, person or publisher (and any of their staff), or any entities, including lawyers and law firms, that directly or indirectly provided funding for the study, test, article or other work regarding same.

**<u>REQUEST FOR PRODUCTION NO. 17</u>**

For each of the Bernstein Studies/Articles, produce all documents relating to or comprising each request you have received (and any response to such request that you have provided) from the entities, including lawyers and law firms, that directly or indirectly provided funding for the study, test, article or other work to search for, collect and/or produce the communications and documents they each have relating to each such study, test, article or other work (including but not limited to communication and documents transmitted to/from the scientists/authors (and any staff).

**<u>REQUEST FOR PRODUCTION NO. 18</u>**

All documents relating to the steps taken by you directly or indirectly to obtain an exemption to Annex 1.6 of the Chemical Risk Reduction Ordinance from the Swiss government in connection with any of the Bernstein Studies/Articles.

**<u>REQUEST FOR PRODUCTION NO. 19</u>**

All documents relating to any notification provided by you to the journals in which any of the Bernstein Studies/Articles were published that the studies reported in the articles were performed in violation of Swiss law and without obtaining an exemption

**<u>REQUEST FOR PRODUCTION NO. 20</u>**

All communications with any journal to which any of the Bernstein Studies/Articles were submitted for consideration of publication where you advised the journal (a) that the paper/study/article was commissioned by lawyers for the entities who directly or indirectly

provided funding for the work as litigation work product; (b) that there were communications between you and the entities that provided funding for the work and/or paper/study/article and its lawyers and the scientists that were subject to the attorney litigation work-product doctrine, or (c) that the results of the research, work, and/or paper/study/article was contingent upon approval by the entities providing funding for the work and/or its lawyers.

**REQUEST FOR PRODUCTION NO. 21**

All documents relating to any grant applications for any of the Bernstein Studies/Articles to any party, attorney, company, firm, nonprofit, agency, public body, individual or group of individuals.

**REQUEST FOR PRODUCTION NO. 22**

All documents that were received in response to any grant applications for any of the Bernstein Studies/Articles.

**REQUEST FOR PRODUCTION NO. 23**

All documents relating to or reflecting your involvement with any trade organization, non-profit organization, for-profit organization, association or group related to asbestos, including by not limited to your involvement with the Chrysotile Institute.

**REQUEST FOR PRODUCTION NO. 24**

Any documents relating to the letter tilted "Continued Controversy on Chrysotile Biopersistence," signed by David S. Egilman, Editor-in-Chief, International Journal of Occupational and Environmental Health, including any communications you had with Dr. Egilman, drafts you reviewed of the letter, edits or comments you provided regarding the letter, and any other documents showing your knowledge of the letter to prior to its publication.

**REQUEST FOR PRODUCTION NO. 25**

All documents relating to your presentation, abstract, or paper for the iMig 2014 conference in Capetown, South Africa.

**<u>Exhibit A: Protected Parties</u>**

The former Georgia-Pacific LLC (the Debtor's predecessor)

Alabama River Cellulose LLC

Big Blue Holdings, Inc.

Blue Rapids Railway Company LLC

BRS Packaging Corporation

Brunswick Cellulose LLC

Buckeye Equity Holdings LLC

Buckeye Technologies Canada Inc.

Buckeye Technologies LLC

Digital Roadmap LLC

Dixie Consumer Products LLC

El Morro Corrugated Box Company LLC

Encadria Staffing Solutions LLC

Foley Cellulose LLC

Fort James International Holdings LLC

Fort James LLC

Georgia-Pacific Asia, Inc.

Georgia-Pacific Bleached Board LLC

Georgia-Pacific Brewton LLC

Georgia-Pacific Building Products LLC

Georgia-Pacific Cedar Springs LLC

Georgia-Pacific Chemical Sales LLC

Georgia-Pacific Chemicals LLC

Georgia-Pacific Childcare Center, LLC

Georgia-Pacific Consumer Operations LLC

Georgia-Pacific Consumer Products (Camas) LLC

Georgia-Pacific Consumer Products (Northwest) LLC

Georgia-Pacific Consumer Products LP

Georgia-Pacific Containerboard LLC

Georgia-Pacific Corrugated IV LLC

Georgia-Pacific Corrugated LLC

Georgia-Pacific Corrugated V LLC

Georgia-Pacific Crossett LLC

Georgia-Pacific Equity Holdings LLC

Georgia-Pacific Financial Management LLC

Georgia-Pacific Foreign Holdings, Inc.

Georgia-Pacific Foundation

Georgia-Pacific GmbH Holdings, LLC

Georgia-Pacific Gypsum LLC

Georgia-Pacific Holdings, LLC

Georgia-Pacific Innovation LLC

Georgia-Pacific Kraft LLC

Georgia-Pacific LLC

Georgia-Pacific Monticello LLC

Georgia-Pacific Mt. Holly LLC

Georgia-Pacific Nonwovens LLC

Georgia-Pacific Panel Products LLC

Georgia-Pacific St Marys LLC

Georgia-Pacific Toledo LLC

Georgia-Pacific Treasury Corporation

Georgia-Pacific W&FS (MS) LLC

Georgia-Pacific Warehouse Holdings LLC

Georgia-Pacific West LLC

Georgia-Pacific WFS LLC

Georgia-Pacific Wood Products LLC

Georgia-Pacific Wood Products South LLC

GNN Investor LLC

GP Big Island, LLC

GP Building Products Operations LLC

GP Building Products Services LLC

GP Cellulose America Marketing, LLC

GP Cellulose Operations LLC

GP Cellulose, LLC

GP Center Holdings LLC

GP Chemicals Equity LLC

GP Consumer Products Group LLC

GP Consumer Products Holdings LLC

GP Consumer Products Operations LLC

GP Containerboard Operations LLC

GP Corrugated LLC

GP Financial Holdings LLC

GP Global Finance Holdings LLC

GP Gypsum Equity LLC

GP Gypsum LLC

GP Harmon Holdings LLC

GP Harmon Recycling LLC

GP Harmon Recycling Plant Operations LLC

GP Industrial Plasters LLC

GP IP Holdings LLC

GP IRB Investments LLC

GP Leasing Corporation

G-P Maine LLC

GP Packaging and Cellulose Operations LLC

GP Packaging and Sales LLC

GP Wood Products LLC

GPBP Equity Holdings LLC

GPBP Equity Investor I LLC

GPBP Equity Investor II LLC

GPBP Equity Investor III LLC

GPBP Equity Investor IV LLC

GPBP Equity Investor V LLC

GPBP Equity Investor VI LLC

GPBP Equity Investor VII LLC

GPBP Financial Holdings LLC

GPCon/GP LLC

GPCP Equity Holdings LLC

GPCP Equity Investor I LLC

GPCP Equity Investor II LLC

GPCP Equity Investor III LLC

GPCP Equity Investor IV LLC

GPCP Equity Investor V LLC

GPCP Financial Holdings LLC

GPCP IP Holdings LLC

GPFM Holdings LLC

GPPC Equity Holdings LLC

GPPC Equity Investor I LLC

GPPC Equity Investor II LLC

GPPC Equity Investor III LLC

GPPC Equity Investor IV LLC

GPPC Financial Holdings LLC

Industrial Plasters Canada ULC

Koch Industries, Inc.

Koch Renewable Resources, LLC

Leaf River Cellulose, LLC

Leaf River Forest Products LLC

Lumberton Cellulose LLC

Memphis Cellulose LLC

Milford Redevelopment LLC

Moscow Camden and San Augustine Railroad LLC

Nekoosa Papers Inc.

Old Augusta Railroad, LLC
PAX Corrugated Products, Inc.
Phoenix Athletic Club LLC
Reliable Container Corporation
Reliable Packaging Products, Inc.
SPG Holdings LLC

Tomahawk Land Company LLC
Treated Lumber LLC