# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re:<br><br>BESTWALL LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-31795 (LTB) |

## MOTION TO FILE DOCUMENTS UNDER SEAL

The Official Committee of Asbestos Claimants (the "Committee") and Sander L. Esserman (the "Future Claimants' Representative" or "FCR"), as the legal representative for persons that have not yet asserted an asbestos-related personal-injury claim against the above-captioned debtor (the "Debtor") but may in the future assert such a claim (the FCR together with the Committee, the "Claimants' Representatives"), by and through their undersigned counsel, file this motion to seal pursuant to 11 U.S.C. § 105(a), 11 U.S.C. § 107(b), Rule 9018 of the Federal Rules of Bankruptcy Procedure, Rule 6.1 of the Rules of Practice and Procedure of the United States District Court for the Western District of North Carolina, and Section I.1. of the *Agreed Protective Order Governing Confidential Information* (the "Protective Order") [Dkt. No. 337], and in support thereof respectfully state as follows:

1. On March 26, 2018, the Court entered the Protective Order to govern the protection and use of Confidential Information (as defined in the Protective Order). The FCR elected to become a party to the Protective Order on April 3, 2018.[2]

---

[1] The last four digits of the Debtor's taxpayer identification number are 5815. The Debtor's address is 100 Peachtree Street, N.W., Atlanta, Georgia 30303.

[2] *See* Notice of Election of Future Claimants Representative to Become a Party to Modified Protective Order [Dkt. No. 367].

2. Paragraph I of the Protective Order provides the procedures for use of Confidential Information in any court filing or at any court hearing. The Protective Order provides that a party seeking to use Confidential Information should, where possible, provide the party that designated the information as confidential (the "Designating Party") written notice of the party's intent to use Confidential Information at least 10 days prior to the date that the party desires to do so.[3] During the 10-day period, the parties may try to negotiate an agreement that avoids the need to file Confidential Information under seal or, alternatively, the Designating Party may file a motion to seal. If the Designating Party fails to file a motion to seal in the 10-day period, then the party seeking to use the information may do so without any confidentiality protection.[4]

3. The Protective Order further provides that in circumstances where it is not practicable or feasible to follow the 10-day written notice/motion requirement, the party seeking to use Confidential Information may file its own motion to seal.[5] Upon filing such a motion to seal, the party may file a redacted copy of the relevant materials and provide an unredacted copy to the Court pending resolution of the motion to seal.[6]

4. The Claimants' Representatives have determined that it is necessary to submit and refer to certain information that the Debtor has designated as confidential in connection with the *Official Committee of Asbestos Claimants and the Future Claimants' Representative's Supplement in Support of the Motion to Compel Production of Documents Listed on the Debtor's Privilege Log* (the "Supplement") [Dkt. No. 2417] filed the same day as this motion. Specifically, Exhibit F to the Supplement includes certain produced, non-privileged documents that were originally withheld ("Withheld Documents") but designated as confidential by the Debtor.

---

[3] See Protective Order, at p. 11-12, ¶ I.1.
[4] *Id.* at p. 12, ¶ I.1.
[5] *Id.*
[6] *Id.* at p. 12-13, ¶ I.1.

5. Section C.1. of the Protective Order provides that a party may designate certain documents as confidential by stamping "CONFIDENTIAL" on each page being so designated if said information is in written form. This designation must be made at the time the Confidential Information is produced. The Debtor has marked all pages of the Withheld Documents as CONFIDENTIAL.

6. As the Withheld Documents were not produced until shortly before the filing of the Supplement, the Claimants' Representatives were unable to provide the Debtor with advance notice of their intent to use the Withheld Documents as an exhibit to the Supplement. Accordingly, to comply with Section I.1 of the Protective Order, the Claimants' Representatives file this motion to obtain authority to file the Withheld Documents and an unredacted copy of the Supplement under seal.

7. Based on the substance of the Withheld Documents, the Claimants' Representatives do not believe that the Withheld Documents contain confidential information, but nevertheless file this Motion to Seal to comply with the Protective Order and allow the Debtor an opportunity to present to the Court its reasons for believing the information should be filed under seal should it believe it necessary to do so.

8. Pursuant to the Protective Order, pending a ruling on this motion to seal, the Claimants' Representatives will file a redacted copy of the relevant materials and provide an unredacted copy to the Court.

## CONCLUSION

WHEREFORE, the Claimants' Representatives respectfully request that the Court consider whether the Withheld Documents should be filed under seal and for such other relief as the Court deems just and appropriate.

Dated: February 21, 2022.

Respectfully submitted,

/s/ Glenn C. Thompson
Glenn C. Thompson (Bar No. 37221)
HAMILTON STEPHENS STEELE
+ MARTIN, PLLC
525 North Tyron Street, Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 344-1117
Facsimile: (704) 344-1483
Email: gthompson@lawhssm.com

-and-

Linda W. Simpson (Bar No. 12596)
JD THOMPSON LAW
Post Office Box 33127
Charlotte, North Carolina 28233
Telephone: (828) 489-6578
Email: lws@jdthompsonlaw.com

-and-

Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
ROBINSON & COLE LLP
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
Telephone: (302) 516-1700
Email: nramsey@rc.com
        dwright@rc.com

*Counsel to the Official Committee of Asbestos Claimants*

/s/ Felton E. Parrish
Felton E. Parrish (NC Bar No. 25448)
John "Jack" M. Spencer (NC Bar No. 56725)
ALEXANDER RICKS PLLC
1420 E. 7th Street, Suite 100
Charlotte, North Carolina 28204
Telephone: 704-365-3656
Facsimile: 704-365-3676
Email: felton.parrish@alexanderricks.com
        jack.spencer@alexanderricks.com

-and-

James L. Patton, Jr. (Delaware Bar No. 2202)
Edwin J. Harron (Delaware Bar No. 3396)
Sharon M. Zieg (NC Bar No. 29536)
Travis G. Buchanan (Delaware Bar No. 5595)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jpatton@ycst.com
        eharron@ycst.com
        szieg@ycst.com
        tbuchanan@ycst.com

*Counsel to the Future Claimants' Representative*