**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| BESTWALL LLC,[1] | Case No. 17-31795 (LTB) |
| Debtor. | |

**MOTION FOR RECONSIDERATION OF ORDER DENYING THE**
**OFFICIAL COMMITTEE OF ASBESTOS CLAIMANTS AND THE FUTURE**
**CLAIMANTS' REPRESENTATIVE'S MOTION TO COMPEL PRODUCTION**
**OF DOCUMENTS LISTED ON THE DEBTOR'S PRIVILEGE LOG**

The Official Committee of Asbestos Claimants (the "Committee") and Sander L. Esserman, in his capacity as the Future Claimants' Representative (the "FCR", and together with the Committee, the "Claimants' Representatives") by and through their undersigned counsel, hereby move for reconsideration of this Court's April 4, 2022 *Order Denying the Official Committee of Asbestos Claimants' and the Future Claimants' Representative's Motion to Compel Production of Documents Listed on the Debtor's Privilege Log*[2] (the "Order") [Docket No. 2502], and in support thereof, state the following:

**INTRODUCTION**

1.     On April 4, 2022, the Court concluded several months of argument over the legal sufficiency of the Debtor's nearly 500,000-entry privilege log by entering the Order denying the Claimants' Representatives' Motion to Compel. The Court concluded that the Debtor's 35-day

---

[1] The last four digits of the Debtor's taxpayer identification number are 5815. The Debtor's address is 133 Peachtree Street, N.W., Atlanta, Georgia 30303.

[2] *The Official Committee of Asbestos Claimants and the Future Claimants' Representative's Motion to Compel Production of Documents Listed on the Debtor's Privilege Log* [Docket No. 2277], which was filed on December 3, 2021, is referenced herein as the "Motion to Compel."

1

last ditch effort to revise the "[u]ndoubtedly" inadequate privilege log it served by the November 15, 2021 deadline (the "Original Log")[3] warrants denial of the Motion to Compel. To reach that conclusion, the Court credited the Debtor's boasts of "expedited and exhaustive" effort between January 20, 2022 and February 24, 2022[4] and failed to apply the Fourth Circuit standard for a legally sufficient privilege log. The Claimants' Representatives respectfully submit that the Court committed clear error and reconsideration is appropriate.

2.  The Court correctly observed the applicable standard, explaining "as noted in the Fourth Circuit's *Interbake Foods* decision[,] because the debtor relies on a privilege log to assert the privileges, the log must as to each document set forth specific facts that, if taken as true, establish the elements of the privilege for each document for which privilege is claimed."[5] The Court further correctly observed that the "threshold issue before the Court" on the Motion to Compel was whether the Debtor's privilege log "demonstrates with respect to **each document** that a claim of privilege or protection applies."[6] Finally, the Court correctly observed that the Original Log undeniably was inadequate.

3.  The Court, however, overlooked that the revised privilege log that the Debtor served the Claimants' Representatives on February 24, 2022, and the Court on February 25, 2022 (the "Revised Log"), still contains at least tens of thousands of entries that do not "set forth specific

---

[3] Tr. of Mar. 17, 2022 Proceedings before the Honorable Laura Turner Beyer ("Mar. 17, 2022 Hr'g Tr.") [Docket No. 2480] at 17:2-3; *see also id.* at 17:3-4 ("As Mr. Donlon said, 'In the beginning, the debtor did a lousy job.'").

[4] *Id.* at 12:1.

[5] *Id.* at 16:6-11; *see also N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.").

[6] Mar. 17, 2022 Hr'g Tr. at 16:15-17 (emphasis added).

2

facts that, if taken as true, establish the elements of the privilege for each document for which privilege is claimed."[7] The Revised Log suffers many of the same problems as the Original Log that the Court found to be "undoubtedly" inadequate. For example, the Revised Log still contains no less than 500 entries that indicate on their face that the documents are not privileged. It still contains more than 50,000 entries where the Debtor is unable to identify the author. It still contains more than 30,000 entries asserting common interest protection without specifying the necessary facts to evaluate that assertion, including basic facts such as the party with whom the Debtor contends there was a common interest.

4. The Debtor failed to satisfy its burden to serve an adequate privilege log. Accordingly, the Order denying the Motion to Compel constitutes clear and prejudicial error. At the very least, the Debtor should be required to produce the documents described above. Accordingly, by this Motion for Reconsideration, the Claimants' Representatives seek entry of an order vacating the Order entered on April 4, 2022 and ordering such other relief as may be just and proper, including but not limited to the production of some or all of the documents and information listed on the Debtor's Revised Log.

## JURISDICTION

5. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. For the purposes of a hearing on this Motion for Reconsideration, venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The legal authorities for the relief requested herein are Bankruptcy Rules 7026 and 7037, FRCP 26 and 37, and FRE 502(d).

---

[7] *Id.* at 16:8-11.

3

**BACKGROUND**

6.      On March 31, 2021, the Court entered the *Case Management Order for Estimation of the Debtor's Liability for Mesothelioma Claims* [Docket No. 1685] (the "Estimation CMO"). The Estimation CMO required the Debtor to produce its final rolling privilege log no later than November 15, 2021. From August of 2021, to November 15, 2021, the Debtor produced 15 privilege logs which included over 491,000 entries.[8]

7.      Beginning in August and September of 2021, the Claimants' Representatives raised "concerns about the sufficiency of the [Original] [L]og" with the Debtor.[9] The parties met and conferred regarding these significant issues but "the [D]ebtor responded by insisting that its logs were sufficient and it had done enough[.]"[10] The Debtor served the final installment of its Original Log on November 15, 2021. The Claimants' Representatives met and conferred with the Debtor one more time on November 29, 2021, and on December 3, 2021, the Debtor again asserted that the Original Log was adequate.[11] The Claimants' Representatives promptly filed their Motion to Compel on December 3, 2021.

8.      The Court held a remote hearing on the Motion to Compel on January 20, 2022 (the "January Hearing"). The Court "agree[d] with many of the deficiencies that were pointed out in the log and the problems with the log that were pointed out by the [Claimants' Representatives] in their pleadings and at [the January Hearing.]"[12] As an example, the Court highlighted "the most

---

[8] *Id.* at 8:7-19.

[9] *Id.* at 9:1-4.

[10] *Id.* at 9:4-6.

[11] Motion to Compel ¶ 23.

[12] Tr. of Jan. 20, 2022 Proceedings before the Honorable Laura Turner Beyer ("Jan. 20, 2022 Hr'g Tr.") [Docket No. 2371] at 188:17-19.

obvious one being . . . the 188,000 identical descriptions" and explained that those entries "strike[] the Court as problematic" and instructed that "those descriptions need to be cleaned up and made more specific so one can determine from the face of the description if the privilege has been properly alleged."[13] As another example, the Court highlighted the "failure to list authors of documents" and explained that it "strikes [the Court] as a little difficult to claim privilege for a document if you are unsure who the author is" and instructed that "the [D]ebtor should probably revisit some of those documents[.]"[14]

9. Despite its repeated refrains that its Original Log was sufficient, the Debtor asked the Court for another chance to meet and confer. The Court observed that this was "not unlike the situation in which we found ourselves with respect to the debtor's motion to enforce the personal injury questionnaire," and concluded that "it would be reasonable, as the objecting claimants requested for that motion, to give the debtors the opportunity to meet and confer again one more time with the [Claimants' Representatives] before the Court grants the [Motion to Compel]."[15] The Court continued the hearing until February 17, 2022, the next regularly scheduled hearing date, which was later rescheduled to February 24, 2022 (the "February Hearing"). The Court further instructed the Debtor to make any changes it wished to make *before* the February Hearing[16] and set February 21, 2022 at 5:00 p.m. as the deadline for any supplemental submissions on the Motion to Compel.

---

[13] *Id.* at 188:22-189:1.

[14] *Id.* at 189:8-15; *see also generally* **Exhibit 1** (The FCR's Presentation on the Claimants' Representatives' Motion to Compel Production of Documents Listed on the Debtor's Privilege Log, Jan. 20, 2022).

[15] Jan. 20, 2022 Hr'g Tr. at 189:17-190:6.

[16] *Id.* at 190:7-16.

5

10.     On February 7, 2022, the Debtor provided a sample of 46 revised privilege log entries to the Claimants' Representatives and the Court for consideration at an "interim status hearing off the record on February 9th" (the "Interim Conference") requested by the Debtor.[17] At the Interim Conference, the Debtor provided an update on the status of the revised logs and indicated it would complete its revisions by the February Hearing.[18]  The Claimants' Representatives identified multiple continuing problems with the revised entries.[19]

11.     On February 15, 2022, the Debtor served its first segment of the Revised Log, containing 37,522 entries. The Debtor served the next segment, with 48,243 entries, on February 21, 2022, the day the supplemental briefing was due by 5:00 p.m. The Debtor served the remaining three segments, and the vast majority of the Revised Log entries, approximately 18 hours (145,851 entries), 15 hours (234,776 entries), 11 hours (13,682 entries), and 9 hours (12,288 entries) before the start of the February Hearing where the Court heard final arguments on the Motion to Compel.[20]

12.     In their supplemental brief and at the February Hearing, the Claimants' Representatives pointed out that the Revised Log still reflected many of the Original Log's deficiencies.[21]  Among other things, the Claimants' Representatives brought to the Court's

---

[17] Mar. 17, 2022 Hr'g Tr. at 13:1-3.

[18] *Id*. at 13:16-18.

[19] *See generally* **Exhibit 2** (The Future Claimants' Representative's Presentation, Status Conference Regarding the Debtor's Sample Revised Privilege Log Entries, dated Feb. 9, 2022).

[20] Mar. 17, 2022 Hr'g Tr. at 14:4-7.

[21] *See, e.g.*, Claimants' Representatives Supplement in Support of Motion to Compel Production of Documents Listed on the Debtor's Privilege Log [Docket No. 2417] ("CRs Supplement") at ¶ 20; Tr. of Feb. 24, 2022 Proceedings before the Honorable Laura Turner Beyer ("Feb. 24, 2022 Hr'g Tr.") [Docket No. 2450] at 126:2-129:15; **Exhibit 3** (The Future Claimants' Representative's Presentation, Continued Hearing on the Claimants' Representatives' Motion to Compel Production of Documents Listed on the Debtor's Privilege Log, dated Feb. 24, 2022).

6

attention that the Revised Log contained entries identifying third party authors and recipients that on their face break any privilege, including asbestos plaintiffs' counsel,[22] entries that identify no author at all,[23] and entries claiming common interest or joint defense but failing to even identify any third party sharing an identical legal interest with the Debtor.[24]

13.     The Court explained its reasons for denying the Motion to Compel at a hearing on March 17, 2022 (the "March Hearing") and, for the reasons stated at the March Hearing, entered the Order denying the Motion to Compel on April 4, 2022.

## ARGUMENT

14.     Reconsideration of the Order is necessary to correct a clear error of law and prevent manifest injustice. The Motion for Reconsideration is timely and should be granted without delay. Federal Rule of Civil Procedure 59(e) and Federal Rules of Bankruptcy Procedure 9023 and 7052, allow a party to move to "alter or amend a judgment . . . no later than 14 days after entry of judgment."[25] The Fourth Circuit recognizes "three grounds for amending an earlier judgment" pursuant to Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."[26] Rule 59(e) allows a court "to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings."[27]

---

[22] CRs Supplement at ¶ 20(h)-(i) & Exs. R & S.

[23] Feb. 24, 2022 Hr'g Tr. at 124:22-125:1.

[24] CRs Supplement at ¶ 20(j) & Ex. T; Feb. 24, 2022 Hr'g Tr. at 128:15-130:10; **Exhibit 3** at Slide 22.

[25] Fed. R. Bankr. P. 9023. *See also* Fed. R. Bankr. P. 7052; Fed. R. Civ. P. 59(e).

[26] *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

[27] *Id*. (quotation marks and citations omitted); *see also Livingston v. S.C. Dep't of Soc. Servs.*, 852 F. App'x 95, 97 (4th Cir. 2021) (stating that "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final

A. **The Court Failed to Apply the Appropriate Legal Standard.**

15. The Fourth Circuit legal standard for analysis of the Debtor's privilege logs is well settled and undisputed. "As the party asserting the privilege, **the debtor has the burden** of demonstrating its applicability and the law presumes that the debtor will produce responsive documents unless the debtor can demonstrate that a privilege or protection applies."[28] As this Court and the Debtor acknowledge, under firmly established Fourth Circuit precedent, when a party uses a privilege log to claim attorney-client, work-product, or common interest privilege over a document "**the log must *as to each document* set forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed**."[29] A privilege log must "identif[y] the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted."[30]

16. In addition, the Estimation CMO that the Debtor agreed to and the Court ordered contains certain requirements for a sufficient privilege log. Consistent with the Fourth Circuit legal standard, in a section titled "Privilege Log Requirements," the Estimation CMO expressly required the Debtor to identify "[w]ho drafted or sent the document or message, as appropriate" and the "[e]mail TO recipients[ o]r those who received the document, as appropriate."[31] The Estimation CMO required the Debtor to provide additional information in a Players' List and in

---

judgment when such is warranted" and the Fourth Circuit "review[s] a district court's grant of a motion for reconsideration for abuse of discretion").

[28] Mar. 17, 2022 Hr'g Tr. at 15:21-25 (emphasis added).

[29] *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (emphasis added) (internal quotation marks and alterations removed); *see also* Mar. 17, 2022 Hr'g Tr. at 16:8-11; *Debtor's Objection to Motion to Compel Production of All Documents Listed on Debtor's Privilege Log* [Docket No. 2305] at ¶ 28.

[30] Mar. 17, 2022 Hr'g Tr. at 16:11-14; *Interbake*, 637 F.3d at 502.

[31] Estimation CMO, Ex. 1, Attach. B ¶ 1 ("Privilege Log Requirements").

8

entries asserting common interest or joint defense as a privilege or protection.[32] The Court failed to apply the Estimation CMO requirements in evaluating the sufficiency of the Revised Log.

17. Instead of applying the Fourth Circuit legal standards or the requirements set by the parties and the Court in the Estimation CMO, the Court focused on the Debtor's representations of its efforts. The conclusion, that the Revised Log was "sufficient to make the necessary *prima facie* showing that the documents in question are protected from production by the attorney-client privilege, work product doctrine, or common interest doctrine[,]"[33] constitutes clear error. The "necessary *prima facie* showing" under the Fourth Circuit precedent cannot be satisfied by the Debtor's self-serving description of effort even if its description of effort is credited as true. It can be satisfied only with "specific facts that, if credited, would suffice **to establish *each element* of the privilege or immunity that is claimed**."[34] The log must set forth "specific facts" for "***each document***" logged.[35] For the reasons discussed below, the Revised Log fails to meet that standard.

> **1. A *Prima Facie* Showing of <u>Non</u>-Privilege Has Been Made for No Less than 500 Entries Showing that Withheld Information Was Authored by or Shared with Third Parties Including Adversaries and Government Agencies.**

18. The Revised Log still includes at least hundreds of entries setting forth facts concerning authors and recipients that, if credited as true, establish that the withheld information *cannot be subject to any protection*.[36] For example, the Revised Log indicates on its face that the Debtor is withholding a "Memorandum prepared by outside counsel prepared in connection with

---

[32] *Id.* at Ex. 1, Attach. B ¶¶ 2-3.

[33] Mar. 17, 2022 Hr'g Tr. at 16:18-21.

[34] *Interbake*, 637 F.3d at 502 (internal quotation removed) (emphasis added).

[35] *Id.* (emphasis added).

[36] *See* CRs Supplement at Ex. R and S; Feb. 24, 2022 Hr'g Tr. at 122:3-123:5.

9

litigation regarding resolution of asbestos-related personal injury claim and relating to the [Redacted] case" and identifies the author as the "Law Office of Peter Angelos" that filed that particular asbestos claim.[37] Another entry indicates that the Debtor is withholding a "Letter prepared by in-house counsel prepared in anticipation of litigation regarding asbestos strategy and relating to the [Redacted] case" cannot be subject to any protection because it was sent to the "Social Security Administration."[38] Likewise, the Debtor may not withhold a "Draft settlement agreement prepared by outside counsel personnel prepared in connection with litigation regarding resolution of asbestos-related personal injury claim and relating to the [Redacted] case" that has been sent by "Email To" the asbestos-related personal injury claimant's counsel, e.g., "Baron & Budd P.C."[39]

19. The Revised Log **identifies these third parties as the *actual* authors and *actual* recipients of the documents** in the "Author/Email From" and "Email To" fields. Even if it were not required by law to identify the actual authors and recipients (and it is), the Estimation CMO makes it clear that it is required, describing the "Author/From" field to mean "[w]ho drafted or sent the document or message, as appropriate" and describing the "TO" field to mean "Email TO recipients. Or those whose [sic] received the document, as appropriate."[40] On its face, if the facts the Debtor provided on its Revised Log are credited as true for these and numerous other examples,[41] they would not establish the elements of any privilege or protection. They would

---

[37] *Id.* at Ex. R, p. 2, NEW_PLID_013212.

[38] *Id.* at Ex. S, p. 14, NEW_PLID_035122.

[39] *Id.* at Ex. S, p. 2, NEW_PLID_004141.

[40] *See* Estimation CMO, Ex. 1, Attach. B ¶ 1.

[41] *See generally* CRs Supplement at Exs. R & S (providing examples from the first Debtor's first segment of the Revised Log).

establish conclusively that *the documents cannot satisfy the elements of any privilege or protection and must be produced*.

> **2.    A *Prima Facie* Showing of Privilege Has Not Been Made for the 53,689 Entries that Identify No Author.**

20.    The Revised Log still fails to identify the author of the documents or information withheld for 53,689 entries.  The Court rightly expressed "lingering concerns" about these documents at the March Hearing.[42]  These concerns will not be resolved by the Debtor's offer to produce documents described as attorney compilations/notebooks pursuant to a Rule 502(d) order.  Only 19,282 of the entries without authors are described as an "attorney compilation/notebook," and the Debtor has taken the position that it is willing to produce only a subset of attorney compilations/notebooks.[43]  There are 34,407 other entries on the Revised Log where the **author field**, a required field under the Fourth Circuit standard and the Estimation CMO, **is blank**.  Without an author, these entries fail to make the necessary *prima facie* showing.  A conclusion otherwise constitutes clear legal error.

> **3.    A *Prima Facie* Showing of Common Interest or Joint Defense Protection Has Not Been Made for the 32,670 Entries that Claim Those Protections.**

21.    The Revised Log still contains 32,670 entries that fail to set forth specific facts that, if credited, would establish each element of the common interest doctrine or joint defense protections.  To establish a common interest, "the proponent of the privilege must at least demonstrate that (1) the communicating parties shared an identical legal interest, (2) the communication was made in the course of and in furtherance of the joint legal effort, and (3) the

---

[42] Mar. 17, 2022 Hr'g Tr. at 18:5-8.

[43] Tr. of Apr. 6, 2022 Proceedings before the Honorable Laura Turner Beyer ("Apr. 6, 2022 Hr'g Tr.") [Docket No. 2518] at 30:14-15 ("We never said, 'We'd give you every compilation on the log.'").

11

privilege had not been waived."[44] Consistent with the legal standard, the Estimation CMO required the Debtor "describe the common interest *with sufficient particularity*, which may include identification of: (a) the parties to such agreement (written or oral), (b) the date such agreement was created and/or effectuated, and (c) the shared common interest(s) that are subject to such agreement(s)."[45]

22.     The Debtor has steadfastly refused to provide the required information. Many of the entries in the Revised Log provide **no facts at all** **that would demonstrate any element of the common interest or joint defense protection asserted**.

23.     For some entries, if the description were credited as true, it would indicate that there was no communication with any third party at all. For example, one entry on the Revised Log describes the withheld document as an "Email from outside counsel to in-house counsel providing legal advice and prepared in connection with litigation regarding written discovery."[46] The author and recipient fields identify only individuals that the Players List describe as being associated with Bestwall or Old GP. Where there is **no third party identified at all**, there is no basis for the assertion of common interest protection.

24.     Another entry describes the withheld document as an "Email chain among outside counsel and in-house counsel providing legal **advice regarding corporate restructuring**."[47] As an initial matter, the Debtor fails to explain how there could be any identical legal interest with any third party "regarding corporate restructuring." The "Author/From" field lists seventeen

---

[44] *Mainstreet Collection, Inc. v. Kirkland's, Inc.*, 270 F.R.D. 238, 243 (E.D.N.C. 2010) (citation omitted).

[45] Estimation CMO, Ex. 1, Attach. B ¶ 3 (emphasis added).

[46] **Exhibit 4** (excerpt of certain entries from the Debtor's consolidated privilege log provided to the Court and the Claimants' Representatives on February 25, 2022), at NEW_PLID_133017.

[47] **Exhibit 4** at NEW_PLID_131638 (emphasis added).

people, including only one person that the Players List identifies as not associated with the Debtor or Old GP: Michael Cruz. The recipient fields are blank. The Players List identifies Mr. Cruz as an attorney at the law firm Brydon Hugo & Parker and describes his "Relationship to Bestwall/Old GP" as "Co-defendant or its counsel **involved in joint defense of asbestos litigation** and sharing common interest with Bestwall[.]"[48] If those facts are credited as true, they would establish only that Mr. Cruz is counsel for a co-defendant involved in joint defense of asbestos litigation. The Debtor has identified no third party having a purported identical interest to support the assertion of the common interest protection.

25. Neither the Debtor's revisions to its Players List nor its generalized affidavits addressed the Debtor's failure to identify the parties to the purported common interest or any other facts necessary to establish the elements of the common interest protection for any particular entry on the Revised Log. The identity of the third party is just one of several specific facts that are required to establish the elements of the common interest and joint defense protection described above. The Estimation CMO further requires that those facts be provided with "sufficient particularity."[49] A conclusion that these entries are sufficient to satisfy the standards set by the law and by the Estimation CMO is clearly erroneous.

\*       \*       \*

26. Presented with these facially deficient entries, and numerous other facially deficient entries, it was clear error for the Court to find that the Revised Log "is sufficient to make the necessary *prima facie* showing that the documents in question are protected from production" and

---

[48] Consolidated Revised Bestwall Estimation Players List (Feb. 25, 2022) (emphasis added).

[49] Estimation CMO, Ex. 1, Attach. B ¶ 3.

13

deny the Motion to Compel.[50] The Debtor failed to carry its burden to show the specific facts necessary to establish each element of the privilege asserted for each document on the Revised Log, despite its self-serving and repeated recitations of effort. The Debtor's efforts, even if material or extensive or extreme, are irrelevant to the "threshold" question of "whether the debtor's log adequately demonstrates with respect to each document that a claim of privilege or protection applies."[51] At most, the Debtor's efforts might inform the Court's consideration of an appropriate remedy for the Debtor's failure to serve a legally sufficient privilege log.[52] Even then, the Debtor's effort should be accorded little, if any, weight given the context of this proceeding where the Debtor and its affiliates are seeking expansive and unprecedented relief. Here, "the privilege log[] is being sought as part of an estimation proceeding in which the debtor is seeking to show that its historical settlement values over the course of 40 years of litigation are unreliable due to information suppression," and the Claimants' Representatives **unsuccessfully "sought to narrow the potential scope of discovery."**[53] Thus, it is unsurprising and unremarkable that the Debtor would need to spend material effort to meet even the most basic discovery standards. Despite its efforts, the Debtor still failed to meet the legal standard.

27.     The Fourth Circuit standard requires that a privilege log for "*each document* set forth specific facts" to establish the claim of privilege protecting the document.[54] As demonstrated

---

[50] Mar. 17, 2022 Hr'g Tr. at 16:18-20.

[51] *Id.* at 16:15-17.

[52] To the extent Court considered the primary remedy requested – production of all documents on the log – too extreme, it should have provided "such other relief as may be just or proper." Motion to Compel p. 26. It does not support denial of the Motion to Compel.

[53] Mar. 17, 2022 Hr'g Tr. at 7:13-20 (emphasis added).

[54] *Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) (internal quotation removed and emphasis added).

in the papers and the hearings, **at least tens of thousands of Revised Log entries fail to set forth the necessary facts to satisfy the well-settled legal standard**. The failure to apply the Fourth Circuit standard, and the standards set forth in the Estimation CMO, was a "clear error of law" requiring the Court to vacate the Order denying the Motion to Compel.[55]

### B. Reconsideration is Necessary to Prevent Manifest Injustice.

28. The Court should also vacate the Order denying the Motion to Compel to prevent the manifest injustice of shifting the Debtor's burden to the Claimants' Representatives in clear violation of the law.[56]

29. If the Order is permitted to stand, the Claimants' Representatives will be forced to proceed to "Phase 2" and rely on the purported "facts" in the Revised Log to assess the Debtor's assertions of privilege and make substantive challenges to those assertions. The Debtor, however, has made clear that it is not willing to rely on the Revised Log to accurately describe the bases of its assertions of privilege. For example, at the April 6, 2022 hearing, the Debtor's counsel explained that the Debtor was "proposing to provide certain documents that [he] would

---

[55] *See Edwards v. BCDR, LLC*, No. 3:19-CV-02671-JMC, 2022 WL 981173, at *3 (D.S.C. Mar. 31, 2022) (granting motion for reconsideration when Court incorrectly applied summary judgment standard); *GO Comput., Inc. v. Microsoft Corp.*, 508 F.3d 170, 177 (4th Cir. 2007) (upholding district court's decision to grant Rule 59(e) motion when district court realized it improperly dismissed all of plaintiff's claims instead of one). *Cf. Atlantic States Legal Found., Inc. v. Karg Bros.*, 841 F. Supp. 51, 55 (N.D.N.Y. 1993) ("[r]econsideration is warranted where, as here, a party demonstrates that the earlier ruling was premised upon a misunderstanding of a relevant regulatory scheme.").

[56] *See Hawkins v. Stables*, 148 F.3d 379, 381 (4th Cir. 1998) (reversing where the district court "misapplied the law of privilege" when it "assumed that the privilege applied and placed the burden of proof on the opponent of the privilege"); *Andrews v. CBS Corp.*, No. 2:13-cv-2055-RMG, 2015 WL 12831342, at *1 (D.S.C. June 18, 2015) ("'Manifest injustice' occurs when the court commits an error that is direct, obvious, and observable.") (emphasis added). *Cf. Pfizer Inc. v. Teva Pharms. USA, Inc.*, 803 F. Supp. 2d 464, 469 (E.D. Va. 2011) (granting motion to amend the court's judgment to prevent manifest injustice where the order would deprive a party of a "clear statutory entitlement to a remedy").

15

describe . . . as compilations . . . documents that were basically [with]held as work product based on the fact that they were in these compilations" pursuant to a Rule 502(d) order.[57] Approximately 62,000 Revised Log entries describe the withheld information to be an "attorney compilation/notebook," but the Debtor has been unable to identify anything in the Revised Log that it can use to identify which documents were "withheld as work product based on the fact that they were in these compilations."[58] The Debtor's effort to re-review all of entries and all of the documents to create the Revised Log appears to have been wasted effort if the Debtor needs to review the compilations *again* to figure out its basis for withholding any particular document.

30.     The law does not require the Claimants' Representatives, who have no access to the withheld documents, to assess the Debtor's assertions of privilege based on facts that do not appear in the Revised Log. The Claimants' Representatives are entitled, under the law and the Estimation CMO, to assess the Debtor's assertions of privilege or protection with the benefit of specific facts that, if true, would demonstrate each element of the privilege or protection asserted. The Debtor's failure to provide those specific facts in the Revised Log obstructs the discovery process set by the law and the Estimation CMO. The Order sanctions this obstruction and threatens to undermine the Claimants' Representatives' confidence in any estimation resulting from this Estimation Proceeding.

31.     The Order not only is legally incorrect but also fails to preserve basic equity between the parties. When ruling in favor of the Debtor, on issues such as PIQ enforcement, this Court has held asbestos claimants to strict compliance with its orders, even where the Debtor would not be entitled to obtain such information before judgment in the jurisdiction where the claim is

---

[57] Apr. 6, 2022 Hr'g Tr. at 11:3-11.

[58] *Id.*

16

pending (and stayed). It is only fair that the Debtor be held to compliance with the Estimation CMO and the undisputed legal standard regarding its privilege log.

32. Therefore, to prevent manifest injustice, the Court must grant the Motion for Reconsideration and vacate the Order.

**C.     The Motion is Timely.**

33. Federal Rule of Bankruptcy Procedure 9023 requires motions for reconsideration to be filed within 14 days of the order for which reconsideration is sought. The Court entered the order denying the Motion on April 4, 2022 [Docket No. 2502]. The Claimants' Representatives filed this Motion for Reconsideration on April 18, 2022, within the required 14-day period. Therefore, the Motion for Reconsideration is timely and should be granted without delay.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Claimants' Representatives request that the Court grant the Motion for Reconsideration, vacate the Order entered on April 4, 2022, and order such other relief as may be just and proper, including but not limited to the production of some or all of the documents and information listed on the Debtor's Revised Log.

Dated: Charlotte, North Carolina
April 18, 2022

/s/ *Glenn C. Thompson*
Glenn C. Thompson (Bar No. 37221)
HAMILTON STEPHENS STEELE
+ MARTIN, PLLC
525 North Tyron Street, Suite 1400
Charlotte, North Carolina 28202
Telephone: (704) 344-1117
Facsimile: (704) 344-1483
Email: gthompson@lawhssm.com

-and-

Linda W. Simpson (Bar No. 12596)
JD THOMPSON LAW
Post Office Box 33127
Charlotte, North Carolina 28233
Telephone: (828) 489-6578
Email: lws@jdthompsonlaw.com

-and-

Natalie D. Ramsey (DE Bar No. 5378)
Davis Lee Wright (DE Bar No. 4324)
ROBINSON & COLE LLP
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
Telephone: (302) 516-1700
Email: nramsey@rc.com
  dwright@rc.com

*Counsel to the Official Committee
of Asbestos Claimants*

/s/ *Felton E. Parrish*
Felton E. Parrish (NC Bar No. 25448)
ALEXANDER RICKS PLLC
1420 E. 7th Street, Suite 100
Charlotte, North Carolina 28204
Telephone: 704-365-3656
Facsimile: 704-365-3676
Email: felton.parrish@alexanderricks.com

-and-

James L. Patton, Jr. (Delaware Bar No. 2202)
Edwin J. Harron (Delaware Bar No. 3396)
Sharon M. Zieg (NC Bar No. 29536)
Travis G. Buchanan (Delaware Bar No. 5595)
YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jpatton@ycst.com
  eharron@ycst.com
  szieg@ycst.com
  tbuchanan@ycst.com

*Counsel to the Future Claimants'
Representative*