# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In re<br><br>BESTWALL LLC,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 17-31795 (LTB) |

## DEBTOR'S RESPONSE TO OFFICIAL COMMITTEE
## OF ASBESTOS CLAIMANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Bestwall LLC, the debtor in the above-captioned chapter 11 case (the "Debtor"), files this response to the *Official Committee of Asbestos Claimants' Notice of Supplemental Authority in Support of Its Motion to Dismiss for Lack of Subject Matter Authority* [Dkt. 3031] (the "Notice").[2]

The Committee cites the dismissal opinion in *Aearo* as purported support for its third motion to dismiss the Debtor's chapter 11 case. This out-of-circuit bankruptcy court opinion, which is on appeal, does not support the Committee's position and changes none of the reasons why this Court should deny the Committee's motion, as detailed in the Debtor's opposition [Dkt. 2973] (the "Opposition").

First, *Aearo* provides no support for the Committee's efforts to recast its merits argument as one of subject-matter jurisdiction. Although *Aearo* invoked Third Circuit precedent to protect the court's "jurisdictional integrity," Notice at 2, the court expressly recognized that it had subject-matter jurisdiction. *Aearo* at *1 ("The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1334(b) and 157(b)").

---

[1] The last four digits of the Debtor's taxpayer identification number are 5815. The Debtor's address is 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

[2] Capitalized terms not otherwise defined herein have the meanings given to them in the Notice.

By "jurisdictional integrity," the court seems to have meant weeding out cases at the threshold via 11 U.S.C. § 1112(b). *Aearo* at *1, *21. That is a merits question, and in this Circuit, *Carolin* provides the standard for weeding out "abuse." This Court appropriately denied the Committee's prior motion to dismiss under the *Carolin* standard, which the Fourth Circuit recently emphasized is still the standard in this circuit and is a "more comprehensive" one than the Third Circuit's. *In re Bestwall LLC*, 2023 WL 4066848, at *8 (4th Cir. June 20, 2023).

The Supreme Court recently acknowledged the "sometimes-loose use of the word 'jurisdiction'" and clarified that a statutory provision is jurisdictional only if "Congress clearly states as much." *MOAC Mall Holdings LLC v. Transform Holdco LLC*, 143 S.Ct. 927, 936 (2023) (cited in the Debtor's Opposition at ¶ 14 n.10). Eligibility of a debtor is not a jurisdictional question because Congress has not clearly stated as much. Opp. ¶¶ 10-16. Nor is "bad faith" a jurisdictional question, as the *Aearo* court itself recognized. *Aearo* at *21 ("**Admittedly, § 1112(b) is not itself jurisdictional**, but requiring a valid bankruptcy purpose and a debtor in need of bankruptcy relief protects this Court's jurisdictional integrity.") (emphasis added).

Second, *Aearo* did not involve any constitutional question. So it also provides no support for the Committee's effort to recast its prior argument for dismissal as constitutional. *See* Opp. ¶¶ 17-24.

Third, *Aearo* actually undercuts the Committee's merits arguments for dismissal. Although the *Aearo* debtors filed for bankruptcy "to manage [an] MDL" of claims concerning allegedly defective ear plugs that had arisen since 2018, the debtors had appealed the verdicts (one appeal might "moot the entire MDL") and not yet paid any judgment, nor were they paying defense costs. *Aearo* at *3–4, *17–18, *20. The *Aearo* court found that the debtors might never pay any judgments (or costs), so it could not "presently" find financial distress. *Id.* at *3, *17.

Nor had Aearo "participated in the [litigation] in any meaningful way." *Id.* at *18. The Debtor here and its predecessor "had a decades-long history of asbestos litigation" and spent $2.9 billion defending and resolving over 430,000 suits. *In re Bestwall LLC*, 605 B.R. 43, 47 (Bankr. W.D.N.C. 2019); Opp. ¶ 1. Due to the volume of "current" and "projected" claims, this Court found sufficient financial distress and a valid reorganizational purpose and declined to dismiss. *Bestwall*, 605 B.R. at 49.

The combat earplugs at issue in *Aearo* did not contain asbestos and did not involve future claims with long latency periods, which only bankruptcy can address. The claims in *Aearo*—although numerous—were based on injuries that already had manifested. Indeed, as acknowledged by the Committee (at least in part), Notice at 3, the *Aearo* court recognized that (a) a debtor can pursue bankruptcy if it has a "'need'" that the Bankruptcy Code addresses and (b) section 524(g) addresses a need, and provides a means, to resolve mass-tort asbestos litigation, which involves long latency periods that create the challenge of significant unknown future claims.. *Aearo* at *15, *21 n.24; *cf. In re Whittaker, Clark & Daniels, Inc.*, 2023 WL 4111338, at *8 (Bankr. D.N.J. June 20, 2023) (in denying motion to dismiss, court took into consideration the unique qualities of asbestos-related bankruptcies; Congressional intent under 11 U.S.C. § 524(g) to address those claims; and the considerable interests of future, unidentified claimants).

Finally, although the *Aearo* court declined to invoke laches, the circumstances are different here. In *Aearo,* the motions to dismiss were filed approximately seven months after the case was commenced. Here, the MTD: (a) is the Committee's third attempt to dismiss this case; (b) was filed more than five years after this case began; and (c) repeats arguments from the Committee's first motion to dismiss, which was denied and is pending before the District Court on a motion for leave to appeal. *See* Opp. ¶¶ 25-29; *see also id.* at ¶¶ 35-39.

Dated:  July 7, 2023
Charlotte, North Carolina

Respectfully submitted,

/s/ *Garland S. Cassada*
Garland S. Cassada (NC Bar No. 12352)
Richard C. Worf, Jr. (NC Bar No. 37143)
ROBINSON, BRADSHAW & HINSON, P.A.
101 North Tryon Street, Suite 1900
Charlotte, North Carolina  28246
Telephone: (704) 377-2536
Facsimile: (704) 378-4000
E-mail:    gcassada@robinsonbradshaw.com
           rworf@robinsonbradshaw.com

Gregory M. Gordon (TX Bar No. 08435300)
JONES DAY
2727 North Harwood Street, Suite 500
Dallas, Texas  75201
Telephone: (214) 220-3939
Facsimile: (214) 969-5100
E-mail:    gmgordon@jonesday.com
(Admitted *pro hac vice*)

Jeffrey B. Ellman (GA Bar No. 141828)
JONES DAY
1221 Peachtree Street, N.E., Suite 400
Atlanta, Georgia  30361
Telephone: (404) 581-3939
Facsimile: (404) 581-8330
E-mail:    jbellman@jonesday.com
(Admitted *pro hac vice*)

ATTORNEYS FOR DEBTOR AND DEBTOR
IN POSSESSION