**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

| | |
|---|---|
| In re<br><br>**BESTWALL LLC,**[1]<br>　　　　　　**Debtor.** | Chapter 11<br><br>Case No. 17-31795 |

**MOTION TO CONTINUE THE STAY OF THE SANCTIONS ORDER UNTIL IT BECOMES FINAL AND APPEALABLE AND FOR APPROVAL OF SUPERSEDEAS BOND IN THE INTERIM**

NOW COME the Illinois Individuals[2] and the law firm of Maune, Raichle, Hartley, French & Mudd, LLC ("MRHFM" and together with the Illinois Individuals, the "Illinois Parties"), by and through the undersigned counsel, regarding the Court's *Order With Respect to August 19, 2021 Contempt Compliance Hearing* (the "Sanctions Order") [Bankr. ECF No. 2095] and the Fourth Circuit Court of Appeals' *Order* affirming the Sanctions Order [Fourth Cir., Case No. 22-1981, ECF No. 47], and hereby respectfully request that the Court grant a stay of the Sanctions Order until it becomes final and appealable and that appeal is fully resolved upon posting of a supersedeas bond (the "Bond"), pursuant to Rule 62 of the Federal Rules of Civil Procedure (the "Civil Rules") and Rules 7062 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in the amount of $402,817.70 to be held by the Clerk of Bankruptcy Court for the Western District

---

[1] The last four digits of the Debtor's taxpayer identification number are 5815. The Debtor's address is 133 Peachtree Street, N.E., Atlanta, Georgia 30303.

2 The Illinois Individuals are Patricia Blair, as personal representative for the Estate of Lee Blair; Violet Butler, as personal representative for the Estate of Ralph Butler; Betty Jean Camilleri, as personal representative for the Estate of Terrence Camilleri; Cheryl D. Wooter, as personal representative for the Estate of William Cutler; Kimberly Plant, as special administrator of the Estate of Sheryl Evans; Maria Fons, as personal representative for the Estate of Miguel Fons; John Guzman, as personal representative of the Estate of Joe Guzman; Christopher Nelson, as personal representative for the Estate of Roger Nelson; and Melissa Taylor, as personal representative for the Estate of Donald Taylor.

of North Carolina (the "Clerk of Court"). In support of this request for relief, the Illinois Parties respectfully state as follows:

**FACTUAL BACKGROUND**

1.  On July 30, 2020, the Debtor filed the *Motion for Order Pursuant to Bankruptcy Rule 2004 Directing Submission of Personal Injury Questionnaires by Pending Mesothelioma Claimants* (the "PIQ Motion") [ECF No. 1236]. By the PIQ Motion, the Debtor sought an order requiring all holders of asbestos-related mesothelioma claims arising on or before May 1, 2020 against former Georgia-Pacific ("Old GP") or the Debtor to complete a personal injury questionnaire (the "PIQ") regarding the details of such claims and return such PIQ to the Debtor.

2.  On September 28, 2019, the Debtor filed a copy of the *Second Amended and Restated Funding Agreement* (the "Funding Agreement") [ECF No. 631, Ex. A] by and between the Debtor and Georgia-Pacific LLC ("New GP"), a separate successor to Old GP, providing that New GP would pay "any and all costs and expenses of the [Debtor] incurred during the pendency of any Bankruptcy Case that are necessary or appropriate in connection therewith," including ordinary course costs and expenses, and "any ancillary costs and expenses of the [Debtor] associated with such Asbestos Related Liabilities and any litigation thereof," including appeals.

3.  Between September 4, 2020, and January 21, 2021, multiple objections to the PIQ Order were filed with the Court. After a hearing held on January 21, 2021, and over those objections, the Court entered the *Order Pursuant to Bankruptcy Rule 2004 Directing Submission of Personal Injury Questionnaires by Pending Mesothelioma Claimants and Governing the Confidentiality of Responses* (the "PIQ Order") [Bankr. ECF No. 1670] on March 23, 2021.

4.  Between April 6, 2021, and April 10, 2021, multiple motions for leave to appeal the PIQ Order were filed; however, those motions were denied by the United States District Court

for the Western District of North Carolina (the "District Court"), holding that the PIQ Order was an interlocutory discovery order, and affirming the PIQ Order.

5. On June 22, 2021, a complaint and a motion for preliminary injunction against enforcement of the PIQ Order was filed in the Southern District of Illinois against the Debtor, commencing Case No. 3:21-cv-00675-SMY (the "Illinois Lawsuit").

6. On June 23, 2021, the Debtor filed the *Debtor's Emergency Motion to Enforce PIQ Order and Automatic Stay* (the "Show Cause Motion") [Bankr. ECF No. 1833], and a hearing was held on June 30, 2021.

7. On July 9, 2021, the Court entered the *Order Granting Debtor's Emergency Motion to Enforce PIQ Order and Automatic Stay* (the "Show Cause Order") [Bankr. ECF No. 1856], scheduling the Show Cause Hearing for July 22, 2021.

8. At the Show Cause Hearing, the Court found that the Illinois Parties violated the PIQ Order by filing the Illinois Lawsuit and were therefore in contempt of the PIQ Order. The Court entered a written order memorializing those findings captioned the *Order on Debtor's Emergency Motion to Enforce PIQ Order and Automatic Stay and Order to Show Cause* (the "Contempt Order") [Bankr. ECF No. 1996] on August 18, 2021. The Court continued the matter to a compliance hearing scheduled for August 19, 2021.

9. At the compliance hearing held on August 19, 2021, the Debtor requested that the Court order the Illinois Parties to pay the amount of $420,675.99 to the Debtor for attorney's fees incurred related to the Illinois Lawsuit, the Show Cause Motion, and the Show Cause Hearing.

10. On August 31, 2021, the Court awarded the Debtor compensatory damages in the amount of $402,817.70 and ordered the Illinois Parties to pay such sum to the Debtor within thirty (30) days of entry of the written order to follow.

11. On September 23, 2021, the Court's Sanctions Order was entered setting October 23, 2021 as the deadline for the Illinois Parties to pay the sum of $402,817.70.

12. On September 22, 2021 and September 24, 2021, the Illinois Parties filed their Notices of Appeal [Bankr. ECF Nos. 2079 & 2102].

13. On August 31, 2022, the Honorable Judge Robert J. Conrad of the United States District Court for the Western District of North Carolina [Case No. 21-cv-00503-RJK] entered the *Order Dismissing Appeal* [District ECF No. 16].

14. On October 22, 2021, after notice and a hearing, this Court entered the *Order Approving Illinois Parties' Motion to Stay Pending Appeal and for Supersedeas Bond* [Bankr. ECF No. 218].

15. On September 13, 2022, the Illinois Parties filed a Notice of Appeal [District ECF No. 18] of the District Court Order to the Fourth Circuit Court of Appeals.

16. On April 29, 2024, following full briefing and oral argument, the United States Court of Appeals for the Fourth Circuit filed a published opinion affirming the Sanctions Order [Fourth Circuit ECF No. 47] and judgment [Fourth Circuit ECF No. 48].

17. On May 21, 2024, the Fourth Circuit issued the mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure [Fourth Circuit ECF No. 49].

## RELIEF REQUESTED

18. By this Motion, the Illinois Parties respectfully request that the Court, in its discretion, apply Civil Rule 62, made applicable to this proceeding pursuant to Bankruptcy Rule 7062, and find that the Illinois Parties' proposed Bond in the amount of $402,817.70, plus interest for four years at the federal judgement rate, is adequate to secure a stay of the Sanctions Order as a matter of right pending appeal. As set forth in more detail below, such stay shall take effect upon

the entry of the Court's Order approving the Bond and shall remain in effect pending appeal of the Sanctions Order.

## ARGUMENT

19. Rule 62 of the Federal Rules of Civil Procedure provides that "a party may obtain a stay by providing a bond or other security" and that "[t]he stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." Fed. R. Civ. P. 62(b). Bankruptcy Rule 7062 makes Civil Rule 62 applicable to adversary proceedings. Fed. R. Bankr. 7062. However, it is within the court's discretion to apply Bankruptcy Rule 7062 to contested matters to "protect the rights of all parties in interest." *In re 18 Audubon Place, LLC*, Case No. 18-12232, 2018 WL 5733662, at *3 (Bankr. E.D. La. Oct. 30, 2018) (citing Fed. R. Bankr. P. 9014, Advisory Committee Note (1999)); *accord In re Sindesmos Hellinikes-Kinotitos of Chicago*, 607 B.R. 898, 912 (Bankr. N.D. Ill. 2019) ("Directing Bankruptcy Rule 7062 and thus Rule 62 to apply to this matter is . . . within the authority conferred upon and discretion of the court."); *In re Texas Equip. Co., Inc.*, 283 B.R. 222, 225 (Bankr. N.D. Tex. 2002) ("A contested matter is governed by Rule 9014, which was modified in 1999 to provide that Rule 7062 does not apply in contested matters <u>unless</u> the court so directs.") (emphasis added).

20. Numerous authorities have held that Civil Rule 62(b) contemplates a stay of monetary judgments as a matter of right if an adequate supersedeas bond is posted. *Transpacific Steel LLC v. United States*, 840 F. App'x 517, 521 (Fed. Cir. 2020) (collecting cases standing for the proposition that Civil Rule 62 entitles a party to a stay of a monetary judgment as a matter of right upon posting an adequate bond); *Arban v. West Publ'g Corp.*, 345 F.3d 390, 409 (6th Cir.2003) ("Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right."); *In re Lambert Oil Co., Inc.*, 375 B.R. 197, 199 (W.D. Va. 2007)

(recognizing that "[t]he stay contemplated by Rule 62(d) is a matter of right if an adequate bond is posted.") (citing *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966)); *In re Stewart*, Case No. 03-18462, 2010 WL 4259940, at *1 (Bankr. E.D. La. Oct. 21, 2010) ("Rule 62 entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond.").

21. Because Bankruptcy Rule 7062 contemplates a stay as a matter of right,[3] "the bankruptcy judge's discretion is limited to passing on the sufficiency of the supersedeas bond and the adequacy of the surety." Rule 62: Bankruptcy Rule 7062—Stays and supersedeas bonds, 1 Bankruptcy Litigation § 5:269 (citing *In re Max Sugarman Funeral Home, Inc.*, 94 B.R. 16, 17 (Bankr. D. R.I. 1988) (stating that "the form, the amount, and the sufficiency of the bond generally, are matters within the discretion of and for determination by the bankruptcy court"), and *In re Swift Aire Lines, Inc.*, 21 B.R. 12, 14 (B.A.P. 9th Cir. 1982) (noting that "the trial court's discretion was limited to passing on the sufficiency of the supersedeas bond and the adequacy of the sureties")).

22. The standard for applying Bankruptcy Rule 7062 to a contested matter is not a high bar. In *In re Sindesmos Hellinikes-Kinotitos of Chicago*, 607 B.R. 898, 912 (Bankr. N.D. Ill. 2019), the bankruptcy court employed a reasonableness standard in determining whether to apply Bankruptcy Rule 7062 to a contested matter. The bankruptcy court discretionarily applied Bankruptcy Rule 7062 to stay a sale order, explaining that "the court believes it reasonable to order

---

[3] A party to a monetary judgment seeking a stay as a matter of right under Civil Rule 62 does not need to satisfy the four-factor test required for a discretionary stay under Bankruptcy Rule 8007. *In re Lambert Oil Co., Inc.*, 375 B.R. 197, 200 (W.D. Va. 2007) (citing cases holding that the discretionary balancing test does not apply to stay of money judgment in bankruptcy case); *see In re Blixseth*, 509 B.R. 701, 705 (Bankr. D. Mont. 2014) (holding that absent a supersedeas bond, the party seeking a stay must satisfy the four-factor test similar to that required for a preliminary injunction). Accordingly, the Illinois Parties do not address the four-factor test required for a discretionary stay but expressly reserve their rights to move for a such a stay should this Motion be denied.

under Bankruptcy Rule 9014(c) that Bankruptcy Rule 7062 and thus Rule 62 apply to this matter so as to preserve the status quo pending a determination of the Rule 60 Motion." *Id*. This outcome is in harmony with the well-established purpose of a supersedeas bond. *See, e.g., Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979) ("The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal."); *Legacy Data Access, Inc. v. Cadrillion, LLC*, Case No. 3:15-CV-0163-FDW-DCK, 2017 WL 3725216, at *1 (W.D.N.C. Aug. 29, 2017) ("[A] court must be mindful of Rule 62's purpose: 'to preserve the status quo while protecting the non-appealing party's rights pending appeal.'") (quoting *Poplar Grove*).

23.     The proposed Bond—which is the amount due under the Sanctions Order, plus interest for four years at the federal judgment rate—is sufficient to safeguard the interests of the Debtor pending appeal. Significantly, the proposed Bond aligns with the bond amounts that have been recognized as "adequate" by other bankruptcy courts in this circuit. *See In re Maryland K.C., Inc.*, Case No. 02 22210 TJC, 2006 WL 4481986, at *2 (Bankr. D. Md. Oct. 3, 2006) (supersedeas bond "in the amount of the judgment, plus a reasonable amount for interest and costs" was adequate to secure a stay as a matter of right pursuant to Civil Rule 62); *In re Paolini*, 312 B.R. 295, 298 (Bankr. E.D. Va. 2004) (recognizing that the "general requirement that the supersedeas bond be for the full amount of the monetary judgment"). The proposed Bond is adequate to secure a stay as a matter of right under Civil Rule 62 as it includes interest to date plus an additional year.

24.     Considering these circumstances, it is reasonable to again apply Bankruptcy Rule 7062 and Civil Rule 62, to this contested matter. The stay is necessary to "preserve the status quo" pending appeal of the Sanctions Order, and no harm or prejudice will befall the Debtor should the Court grant this request. Moreover, the stay secured by the Bond is only as much as necessary to

obtain an order from the reviewing court; it will not otherwise implicate or hinder the efficient administration of this case.

25. Considering the foregoing, the Illinois Parties move the Court to: (1) apply Bankruptcy Rule 7062, and thus Civil Rule 62, to this contested matter, and (2) find that the Illinois Parties' proposed Bond is adequate to secure a stay pending appeal of the Sanctions Order as a matter of right.

WHEREFORE, the Illinois Parties respectfully request:

1. That the Court, in its discretion under Bankruptcy Rule 9014(c), apply Bankruptcy Rule 7062, and thus Civil Rule 62, to this contested matter.

2. That the Court find that the proposed Bond in the amount of $402,817.70, plus interest for four years at the federal judgement rate, is adequate to secure a stay pending appeal of the Sanctions Order as a matter of right pursuant to Civil Rule 62.

3. That the Court allow the Illinois Parties to post the Bond within ten (10) days of the entry of the Order approving this Motion.

4. That the Sanctions Order shall be stayed until it becomes final, appealable and any appeal rights are fully exhausted.

5. That the stay of the Sanctions Order take effect upon the entry of an order approving this Motion and shall remain in effect through and until the date of disposition of the appeal.

6. That the Court grant any other and further relief it deems just and proper.

Respectfully submitted, this 29th day of May, 2024.

        **WALDREP WALL BABCOCK & BAILEY PLLC**

        */s/ Thomas W. Waldrep, Jr.*
        Thomas W. Waldrep, Jr. (NC Bar No. 11135)
        Chris Haaf (NC Bar No. 46077)
        Ciara L. Rogers (NC Bar No. 42571)
        370 Knollwood St., Ste. 600
        Winston-Salem, NC 27103
        Telephone: 336-722-6300
        Telefax: 336-722-1993
        Email: notice@waldrepwall.com

        *Counsel for the Illinois Parties*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing **MOTION TO CONTINUE THE STAY OF THE SANCTIONS ORDER UNTIL IT BECOMES FINAL AND APPEALABLE AND FOR APPROVAL OF SUPERSEDEAS BOND IN THE INTERIM** was filed in accordance with the local rules and served upon all parties registered for electronic service and entitled to receive notice thereof through the CM/ECF system.

Respectfully submitted, this 29th day of May, 2024.

**WALDREP WALL BABCOCK & BAILEY PLLC**

*/s/ Thomas W. Waldrep, Jr.*
Thomas W. Waldrep, Jr. (NC Bar No. 11135)
Chris Haaf (NC Bar No. 46077)
Ciara L. Rogers (NC Bar No. 42571)
370 Knollwood St., Ste. 600
Winston-Salem, NC 27103
Telephone: 336-722-6300
Telefax: 336-722-1993
Email: notice@waldrepwall.com

*Counsel for the Illinois Parties*